Dᴀɴɪᴇʟ L. MᴄNᴀᴍᴀʀᴀ, by Kᴀᴛʜᴇʀɪɴᴇ MᴄNᴀᴍᴀʀᴀ, His Guardian ad Litem, Appellant, *v.* Tʜᴇ Kɴɪɢʜᴛs ᴏꜰ Cᴏʟᴜᴍʙᴜs, Respondent.

Fourth Department, September 26, 1923.

**Insurance — action by sole beneficiary to recover on policy — interpleader — executor of insured should not be substituted as sole defendant.**

In an action by the sole beneficiary named in a policy of life insurance to recover the amount thereof from the insurer, the executor and testamentary trustee under the will of the insured has no interest in the proceeds and, therefore, should not have been substituted as sole defendant.

An adverse claim must be shown to have some reasonable foundation before interpleader is permitted.

Aᴘᴘᴇᴀʟ by the plaintiff, Daniel L. McNamara, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 3d day of July, 1923, directing that Paul J. McNamara, as executor of the last will and testament of Daniel McNamara, deceased, and as testamentary trustee for Daniel L. McNamara, an infant, under said will, be interpleaded herein and substituted as sole party defendant.

*Curtin & Curtin* [*Timothy Curtin* of counsel], for the appellant.

*Fitzgerald & Smith* [*Edmond J. Fitzgerald* of counsel], for the respondent.

Pᴇʀ Cᴜʀɪᴀᴍ:

Plaintiff sues as the beneficiary named in a policy of life insurance to recover the amount thereof. On defendant's motion an order of interpleader was made substituting as sole defendant Paul J. McNamara, " as executor of the last will and testament of Daniel McNamara, deceased, and as testamentary trustee for Daniel L. McNamara, an infant under the will of Daniel McNamara, deceased."

Just how Paul J. McNamara can be testamentary trustee under the will in question is not clear. (See Surrogate's Court Act, § 314, subd. 6.) There is no trust created by the will nor is Paul J. McNamara named as trustee. But neither as executor nor as testamentary trustee has he any interest in the proceeds of the policy sued on. The plaintiff is the sole beneficiary named in the policy and is entitled to the proceeds as against the estate of the assured.

Such proceeds were no part of the assets of the estate and did

not pass under the will. There is no basis or color for the claim of the executor and trustee. Hence there was no hazard to the respondent in paying plaintiff and disregarding such claim. It is still the rule that an adverse claim must be shown to have some reasonable foundation before interpleader is permitted. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Hanna* v. *Manufacturers' Trust Co.*, 104 App. Div. 90, 93.)

The order should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.