HOOD RUBBER COMPANY, Respondent, *v.* BANQUE BELGE POUR L'ETRANGER and Another, Respondents, Impleaded with EDWARDS H. CHILDS, Trustee for FRED STERN & CO., INC., Bankrupt, Appellant, and THE AMERICAN EXCHANGE NATIONAL BANK, Defendant.

First Department, February 4, 1927.

Interpleader — plaintiff owes money to bankrupt and seeks in action under Civil Practice Act, §§ 285, 286, to deposit same and interplead trustee in bankruptcy and other defendants — one defendant claims right to money under assignment and other under trust receipt — trustee in bankruptcy claims assignment was void under Stock Corporation Law, § 15, and trust receipt is void as secret and unenforcible lien — perfect right to interplead trustee appears — trustee has interest in subject-matter of action within Civil Practice Act, § 193, subd. 3.

The plaintiff owes money to a bankrupt. This is an action under sections 285 and 286 of the Civil Practice Act to interplead the trustee in bankruptcy and two others, one of whom claims the amount under a trust receipt and the other by an assignment. The trustee in bankruptcy attacks the claim of both the other defendants on the ground that the assignment is void under section 15 of the Stock Corporation Law, and that the trust receipt is void as a secret and unenforcible lien. It was error for the court to refuse to interplead the trustee in bankruptcy, for he has shown a reasonable foundation for his claim. If the assignment of the one defendant is void under section 15 of the Stock Corporation Law, the trustee owns the money, and if the trust receipt held by the other defendant is void, the transfer to that defendant is fraudulent and the money belongs to the trustee in bankruptcy, under section 70 of the Bankruptcy Act.

Furthermore, the trustee in bankruptcy is a person who has an interest in the subject of the action and, under subdivision 3 of section 193 of the Civil Practice Act, he would be entitled, in the discretion of the court, to come in and defend.

APPEAL by the defendant, Edwards H. Childs, as trustee in bankruptcy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of May, 1926, denying plaintiff's motion in an action under sections 285 and 286 of the Civil Practice Act for interpleader as to the defendants American Exchange National Bank and Edwards H. Childs, as trustee, etc., and granting plaintiff's motion to deposit the sum of $14,395.48 in court and requiring the defendants Banque Belge Pour l'Etranger and the Ultramares Corporation to interplead as to their respective claims to said money.

*Nathan Coplan* of counsel [*Emanuel Fichandler* with him on the brief; *Zalkin & Cohen*, attorneys], for the appellant.

*Thomas F. Dougherty* of counsel [*Albert Stickney* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the plaintiff, respondent.

*Herbert R. Limburg* of counsel [*Hirsch, Sherman & Limburg,* attorneys], for the respondent Ultramares Corporation.

*Garrard Glenn* of counsel [*Glenn & Ganter,* attorneys], for the respondent Banque Belge Pour l'Etranger.

PROSKAUER, J.    The plaintiff owed for merchandise bought from Fred Stern & Co., Inc.    The debt was claimed by the Banque Belge under a trust receipt and by the Ultramares Corporation under an assignment.    The defendant Childs, as trustee in bankruptcy of Fred Stern & Co., Inc., attacks the validity of the assignment as void under section 15 of the Stock Corporation Law and as preferential (and, therefore, voidable) under the Bankruptcy Act.    He attacks the title of the Banque Belge on the ground that the trust receipt was rendered invalid by a long-continued course of conduct between Fred Stern & Co., Inc., and the Banque Belge in ignoring the potency of trust receipts, and that the trust receipt was merely a secret, void and unenforcible. lien    The plaintiff brought an action of interpleader against all three claimants and moved for leave to pay into court and be discharged and to interplead the three claimants.    The Special Term made an order granting the motion as to the Banque Belge and the Ultramares Corporation, but denying it as to the trustee in bankruptcy.    From the order denying his right to remain a party the trustee in bankruptcy appeals.

The only burden that rests on the trustee is to show a reasonable foundation for his claim.    (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281; *McNamara* v. *K. of C.,* 206 App. Div. 364.)    He is not compelled to set forth the evidence upon which his claim rests. It is not improbable that he would be compelled to get this evidence from witnesses, strangers to himself, upon trial.    He does here clearly define the basis of his claims.    If he is successful in asserting them, he will defeat the rights of either or both of the other claimants.    With respect to the Ultramares Corporation — if the claim is void under section 15 of the Stock Corporation Law, the trustee owns it.    With respect to the Banque Belge — if his claim is correct, the transfer is fraudulent and he owns the debt under section 70 of the Bankruptcy Act.    He complies, therefore, with the extreme of the requirement for interpleader for which the respondents contend.    But even if he fell short of this compliance, he is a person who " has an interest in the subject " of the action and, under subdivision 3 of section 193 of the Civil Practice Act, he would be entitled, in the discretion of the court, to come in and defend.    Having already been made a party, his showing of

30

a reasonable interest in the subject-matter of the action saves him from exclusion from participation therein.

The order appealed from should be modified in accordance with this opinion, with ten dollars costs and disbursements to the defendant, appellant, as against the defendants, respondents.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order modified in accordance with opinion, with ten dollars costs and disbursements to the defendant, appellant, as against the defendants, respondents. Settle order on notice.