[File No. 6413.]

ELIZABETH H. ANDERSON and Laura Anderson, ELIZABETH H. ANDERSON, Respondent v. NORTHERN .& DAKOTA TRUST COMPANY, a Corporation, et al.

CHAS. G. ANDERSON et al., Appellants.

(274 N. W. 127.)

Opinion filed April 19, 1937.   Rehearing denied June 23, 1937.

*Shure & Murphy,* and *George D. Smith,* for appellants.

*A. P. Paulson* and *W. R. Pearce,* for respondent.

CHRISTIANSON, Ch. J. This case was before this court on a former appeal. 65 N. D. 721, 261 N. W. 759. It involves the avails of two life insurance policies issued upon the life of one Axel Robert Anderson, deceased, both payable to the estate of said deceased. Upon the death of the insured the executors of his last will and testament received from the insurance companies the avails of the two policies aggregating in all $15,431.00. The plaintiffs, Elizabeth H. Anderson and Laura Anderson, brought action against the executors to require them to pay over to the plaintiffs the proceeds of such insurance poli-

cies. They joined as parties defendant certain residuary legatees and asked that judgment be rendered declaring that such residuary legatees have no right, title or interest in or to the said insurance policies or the avails thereof. The residuary legatees demurred to the complaint on the grounds (1) that the district court is without jurisdiction, the matter being one over which the county court has exclusive jurisdiction under section 111 of the Constitution; and (2) that the complaint fails to state facts sufficient to constitute a cause of action. The trial court overruled the demurrer. The former appeal was from that order. This court sustained the ruling of the trial court. Anderson v. Northern & D. Trust Co. 65 N. D. 721, 261 N. W. 759. After the case had been remanded to the district court the legatees interposed an answer. The answer sets forth what are denominated a defense, and, a counter-claim. Each of the plaintiffs interposed separate demurrers to the answer and counter-claim on the grounds (1) that the answer did not state facts sufficient to constitute a defense to the plaintiff's cause of action; and (2) that the counter-claim did not state facts sufficient to constitute a defense or counter-claim.

The trial court overruled the demurrer interposed by the plaintiff Laura Anderson but sustained the demurrer interposed by the defendant Elizabeth H. Anderson. The appeal here is from the latter order. The correctness of the former order has not been questioned.

The complaint alleges in substance that one Axel Robert Anderson died testate, in December, 1931; that the plaintiffs Elizabeth H. Anderson and Laura Anderson, respectively, are the widow and daughter of the deceased and his sole heirs at law and next of kin; that the last will and testament of said Axel Robert Anderson has been duly admitted to probate in the county court of Barnes county in North Dakota, and that the defendants, Northern and Dakota Trust Company and Herbert J. Charles, have been duly appointed as executors thereof and have qualified as such; that an inventory and appraisement of the property of said deceased has been duly filed in said county court and that there were included in said inventory two insurance policies upon the life of said deceased; that the avails of said two insurance policies aggregating $15,431.00 were collected by the executors of the said last will and testament of said deceased; that the defendants other than the two executors are respectively a brother and

sisters and the children of two deceased sisters of the said deceased and that such defendants are interested as residuary devisees and legatees under the last will and testament of said deceased; that the said two life insurance policies and the avails thereof were in no manner given, transferred or bequeathed and that the said policies and the avails thereof now are and at all times have been the property, share and share alike, of the plaintiffs, and that the defendants have no right, title or interest in or to the proceeds of the said policies, except that the defendant executors have a possessory right only for the purpose of distributing the proceeds of such policies to the plaintiffs herein; that a demand has been made by the plaintiffs upon the defendant executors to pay over in equal parts the proceeds of said life insurance policies to the plaintiffs but that said defendants have refused so to do. A copy of the will is attached to and made a part of the complaint. The will bequeaths the dwelling house, and its appurtenances, which shall be occupied by the deceased and his wife at the time of his death, and all furniture and household goods and effects, including automobiles, to the plaintiff Elizabeth H. Anderson. All the residue and remainder of his property is bequeathed in trust to the executors and trustees thereinafter named with the direction that certain sums be paid to various designated relatives. The executors and trustees are directed to pay to the wife of the testator the sum of $82,000.00 and it is provided that such payment shall "be in lieu of exemption and support money provided by the statutes of North Dakota." The will further directs that the executors and trustees shall pay unto the testator's "adopted daughter, Laura Anderson, the sum of $10,000.00." The residue and remainder of his property, after the payment of the specific bequests, the executors and trustees are required to pay to two sisters, a brother and the children of two deceased sisters of the deceased.

The plaintiffs prayed that they have judgment against the executors that they pay over to the plaintiffs in equal parts the proceeds of said life insurance policies so collected and received by the executors and that they have judgment against the other defendants declaring that they have no right, title, or interest in or to said life insurance policies and the proceeds thereof.

The executors interposed an answer wherein they admitted that they

had received the avails of the two life insurance policies and that the plaintiffs had made demand that these avails be paid over to them, share and share alike. They alleged that the other defendants named in the title of the action were claiming an interest or share in said avails and that consequently the executors must abide the determination of the validity of such claims before paying such avails over to anyone.

There was attached to and made a part of the answer of the executors a copy of a codicil to the will of the deceased and it is alleged that the codicil was admitted to probate together with and as a part of the will. The codicil made reference to the provision in the will directing the payment to the plaintiff Elizabeth H. Anderson of the sum of $82,000.00, and stated that the testator was about to advance to her, at her request, the sum of $4,000.00, and that in making payment to the plaintiff Elizabeth H. Anderson of the sum of $4,000.00 the testator directed that that sum, together with intereset from the date of the codicil at the rate of six per cent per annum, be deducted from the sum of $82,000.00 which the executors were directed to pay to her in the will. This is the sole matter referred to in the codicil.

The appellants interposed an answer wherein they denied the allegations in the complaint, except those expressly admitted. They admitted that the last will and testament of Axel Robert Anderson had been duly admitted to probate; that an inventory of his estate had been made and filed, and that the several residuary legatees sustained the relationship to the testator set forth in the complaint. In their answer the appellants alleged that the plaintiff Elizabeth H. Anderson is the widow of Axel Robert Anderson, deceased, and that the insurance policies in question here were listed in the inventory of his estate, referred to in the complaint, and that the executors collected and received from the insurance companies the avails of such policies. In such answer it is further alleged that the deceased prior to the execution of his last will and testament discussed with his wife Elizabeth H. Anderson matters relating to his property and its value, including the two life insurance policies involved in this litigation; that the said plaintiff importuned the deceased for as large a share of his property as she could get him to give her; that the deceased and his said wife

agreed prior to the execution of his said last will and testament that the deceased would give her the homestead and the furnishings therein and in addition thereto the sum of $82,000.00; that the plaintiff agreed to accept the same in full satisfaction of any and all rights which she might have or claim, under the laws of North Dakota, to any property which the deceased owned at the time of his death, and to make no claim to said insurance or to any other exemptions or support moneys; that it was the intention of the testator, and his understanding as well as that of the plaintiff, that the will deprived the plaintiffs of any right to said insurance money and that the same became a part of the testator's estate and that at no time did the testator intend or desire that either of the plaintiffs should receive any portion of his said life insurance, and that in reliance upon the said promise and agreement of the plaintiff and his understanding as to the legal effect of the will, the testator executed the same. It is further alleged that after the execution of the will the plaintiff Elizabeth H. Anderson desired that her husband should advance to her the sum of $4,000.00 and her said husband (testator) made known to said plaintiff that such advancement must be deducted from the $82,000.00 provided for in said will; and that it was again agreed that the said plaintiff was to have nothing further of her husband's property, and that to carry said agreement into effect the said testator executed the codicil above referred to. It is alleged both by way of defense and by way of counter-claim that on account of said agreement and understanding between the plaintiff Elizabeth H. Anderson and her husband the said plaintiff was obligated to elect between her statutory rights and the provisions made in the will and that having elected to accept the bequest made in the will she waived all right to the avails of the insurance policies and that she is estopped from claiming the same.

As said, both plaintiffs interposed general demurrers. The trial court held that the denial in the answer put in issue the allegation in the complaint that the plaintiff Laura Anderson is the daughter of the decedent and that hence the answer stated a defense as to the plaintiff Laura Anderson; but the court held that the answer did not set forth facts sufficient to constitute either a defense or a counter-claim

as against the plaintiff Elizabeth H. Anderson. The question present-, ed on this appeal is whether the answer states facts sufficient to constitute a defense or counter-claim against Elizabeth H. Anderson.

Plaintiffs predicate this action upon chapter 149, Laws 1929, which reads as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the deceased, the personal representatives of the deceased, his heirs or estate, upon the death of a member of such society or of such insured, shall not be subject to the debts of the decedent, except by special contract, but such avails shall be inventoried as part of the estate of the deceased, and shall be distributed without deduction, and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be. The insured may by will or contract transfer the avails of such life insurance policies or contracts heretofore or hereafter made; provided, however, that nothing herein contained shall be construed as permitting any insured to dispose by will of the avails of contract by a mutual or fraternal society to ·anyone who could not be a beneficiary in such contract under the charter or by-laws of such society; provided further that nothing herein contained shall be construed as affecting in any manner any life insurance policy or beneficiary certificate that is made payable to a designated person, including the spouse of the insured, or persons, or to the members of a family designated as a class—for example 'all children' or 'all brothers and sisters,' even though such children or brothers and sisters are not designated by name. This statute is intended to apply only to life insurance policies and beneficiary certificates that by their terms are made payable to the insured, to the personal representatives of the insured, or to his heirs or estate."

The law now embodied in chapter 149, Laws 1929, supra (relating to the distribution of the avails of a life insurance policy made payable to the personal representatives of a deceased, his heirs or estate) was formerly contained in § 8719, Comp. Laws 1913, which reads as follows:

"The avails of a life insurance policy or of a contract payable by

any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

Section 8719 was amended by chapter 225, Laws 1927, and the law as embodied in chapter 225, Laws 1927 was re-enacted, with certain changes, in chapter 149, Laws 1929.

These legislative enactments have been fruitful of litigation. Questions as to the meaning and effect of § 8719, supra, had arisen in several cases before the enactment of chapter 149, Laws 1929, and it had been definitely settled by the decisions of this court that under that section: (1) The avails of a life insurance policy made payable to the personal representatives of the deceased, his heirs or estate, did not become part of the estate of the deceased but belonged to the heirs personally; (2) that such avails passed to the heirs at law of the insured by contract and not by descent and that the effect of the statute was to render such insurance policy payable to the person or persons who at the time of the death of the insured were his heirs at law under the laws of succession the same as though their names had been written into the insurance policy as beneficiaries; (3) that the avails of such life insurance policy were to be inventoried in the probate proceedings of the estate of the decedent and distributed to his heirs at law; but the distribution was to be made by the executor or administrator by virtue of the statute and the distribution was not to be made by the county court as a distribution of a part of the estate. Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181; Maixner v. Zumpf, 51 N. D. 140, 199 N. W. 183; Re Coughlin, 53 N. D. 188, 205 N. W. 14; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549; Cohen v. Ferguson, 56 N. D. 545, 218 N. W. 209; Jorgenson v. DeViney, 57 N. D. 63, 222 N. W. 464; Hafey v. Hafey, 57 N. D. 381, 222 N. W. 256.

The question whether the insured had the power to dispose by will of a life insurance contract or the avails of a life insurance contract falling within the provisions of § 8719, supra, arose in Marifjeren

v. Farup, 51 N. D. 78, 199 N. W. 181, and Talcott v. Bailey, 54 N. D. 19, 208 N. W. 548.

In those cases the will made no specific reference to the insurance policy or the avails thereof; there was merely a general provision devising and bequeathing all the property of the deceased and this court held that such general provisions did not operate to transfer the avails of the policy.

The first case coming before this court wherein the will made specific reference to the policy or the avails thereof was Jorgenson v. De-Viney, 57 N. D. 63, 222 N. W. 464 (decided January 31, 1928). In that case this court ruled that § 8719, supra, did not inhibit the insured from disposing by will of the avails of a policy falling within the provisions of that section. In considering the effect of that section upon the insurance contracts which fell within its provisions, the intention of the insured as regards the disposition of the avails of such contract, and his power to control the disposition thereof either by contract or will, this court said:

"It must be assumed that every person taking life insurance since § 8719, supra, took effect, contracts with knowledge thereof; and that when he takes a policy made payable to his personal representatives, heirs or estate, the insured intends:

"(1) That in case of his death, no part of the avails of such policy shall be subject to, or go to his creditors in payment of, his debts unless he, during his life, by special contract has provided to the contrary; and then only to the extent provided in such special contract or contracts.

"(2) That in case of his death, without any other disposition made during his lifetime in any mode not inhibited by the provisions of the contract or by law, the avails of such insurance policy shall be paid to the executor, or the administrator of the estate of the insured and by him distributed to the heirs at law of the insured.

"(3) That the presumptive heirs at law of the insured shall have no vested interest in the policy or the avails thereof during the lifetime of the insured; that the insured retains full and complete control over the policy and all rights growing out thereof, with full right and power to dispose of the policy or the avails thereof in any mode

not inhibited by statute, settled rules of public policy, or provisions in the policy.

"It follows from what has been said that § 8719, supra, does not inhibit an insured from disposing by will of an insurance policy upon his life, which was made payable to his personal representatives, estate or heirs, or the avails of such policy. . . . .

"A will is to be construed according to the intention of the testator (Comp. Laws 1913, § 5685), and technical words are not necessary to give effect to any species of disposition by will (Comp. Laws 1913, § 5696). Since § 8719, supra, became effective, a person who takes a life insurance policy in this state, made payable to his personal representatives, his heirs, or estate, evidences an intention that in case of his death, without any prior disposition of the policy or the avails thereof, such avails shall go to, and be distributed among, his heirs at law in accordance with the laws of succession, free and clear of all claims. But as has been said, in the absence of any provision in the policy to the contrary, the insured further evidences an intention that during his life he retains full control over the policy and may make any disposition he sees fit to make of such policy which is not inhibited by statute, by settled rules of public policy, or by provisions in the contract of insurance itself. Of course, the intention of the insured, manifested at the time the policy is issued, will be deemed to continue until the insured, in some proper manner clearly and explicitly, indicates that it is his intention and purpose to provide that the avails of the policy shall be distributed to persons other than to his heirs at law in accordance with § 8719. And although the insured has power to dispose by will of a policy or the avails of a policy, made payable to his personal representatives, heirs or estate, there is no presumption that he has made any such disposition unless the intention so to do is manifested in his will by language specifically and directly to that effect; and such intention is not to be inferred from general provisions in his will relating to the disposition of 'property' or 'estate' but making no specific reference to the life insurance policy, or the avails thereof."

The appellants contend that the rules as to the status and the distribution of avails of life insurance contracts falling within the purview of § 8719, supra, were abrogated by chapter 149, Laws 1929,

and that the effect of the latter statute is to render the avails of insurance contracts, falling within the purview of its provisions, part of the estate of the decedent, subject to the jurisdiction of, and disposition by, the county court in the same manner as other property of the decedent. The same contentions were advanced in Crabtree v. Kelly, 65 N. D. 501, 260 N. W. 262, and on the former appeal in this case (Anderson v. Northern & D. Trust Co. 65 N. D. 721, 261 N. W. 759), and they were disposed of adversely to the contentions of the appellants.

The decision on the former appeal is the law of the case and controlling upon the questions necessarily involved and decided on that appeal. 4 C. J. 1093.

In Anderson v. Northern & D. Trust Co. supra, this court said:

"It seems clear that the principal change in the statute made by chapter 225, Sess. Laws 1927, was made with the intent to settle the questions as to whether and in what manner the avails of 'old line' policies payable to the personal representatives of a deceased, his heirs or estate, could be disposed of by will."

It is true this court held in Jorgenson v. De Vincy, supra, that the insured did have the right to dispose by will of the avails of a life insurance policy falling within the provisions of § 8719. But the decision in that case was not rendered until almost a year after chapter 225, Laws 1927 had been enacted. At the time that statute was enacted the questions adjudicated in Jorgenson v. De Vincy, supra, had not been determined by this court, and were by no means free from doubt. In the decision in Jorgenson v. De Viney, supra, 57 N. D. 72, 73, 222 N. W. 464, this court, after reviewing the several prior decisions involving the interpretation of § 8719, supra, said:

"From the foregoing it is apparent that the precise questions involved in this case have not been determined by this court in any of the previous cases.

"These questions are: (1) May the insured in a life insurance policy, made payable to the 'executors, administrators or assigns of the insured,' dispose by will of such policy or the avails thereof, where such policy was issued after section 8719 became effective? And, (2) If so, did the provisions of the will involved here bequeath the policy

in suit to Ethel J. De Viney, and entitle her to retain the avails thereof as her individual property?"

Appellants lay stress on the fact that chapter 225, Laws 1927 and chapter 149, Laws 1929, both provide that "the avails shall be inventoried as a part of the estate of the deceased, and shall be distributed without deduction, and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be." It is contended that this language evidences a legislative intention that the "avails" so referred to shall become a part of the estate of the decedent. In short, it is contended that this language evidences a deliberate legislative intention to abrogate the rule formerly prevailing under § 8719, supra, that such avails are no part of the estate of the decedent and to adopt in lieu thereof a rule making such avails a part of the estate of the decedent.

It will be noted that the statute does not say that such avails shall be a part of the estate of the insured. It says "such avails shall be inventoried as a part of the estate of the deceased." The word "as" in this paragraph means "in a manner and like that of." Webster's New International Dictionary. So what the legislature did provide was that the avails should be inventoried in like manner as though they were a part of the estate of the decedent. If it had been the legislative intention to change fundamentally the status of avails of such policies and to make them a part of the estate of the insured it would have been a simple matter to have said so. Of course, if the avails were made part of the estate of the decedent it would be wholly unnecessary to say that they should be inventoried as a part of the estate. If they were in fact a part of the estate it would of necessity follow that they would be so inventoried. The provision that the avails shall be inventoried as a part of the estate of the deceased negatives rather than affirms an intention on the part of the legislature to make the avails a part of the estate of the insured. But, it is said that the legislature further provided that such avails "shall be distributed without deduction, and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be;" and it is argued that this evidences a legislative intention that the avails shall become a part of

the estate of the insured. As we see it, the change in the language in the legislative enactments of 1927 and 1929 from that found in § 8719, supra, does not, when the enactments are construed ·as a whole, evidence any such intention. As we see it there is in this respect no material difference between the provisions of § 8719 and the legislative enactments of 1927 and 1929. Section 8719, supra, provided that such avails "shall be inventoried and distributed to the heirs or the heirs at law of such decedent." In Farmers State Bank v: Smith, 36 N. D. 225, 162 N. W. 302, this court held that this language did not evidence an intention that such avails should become a part of the estate of the insured; but that when the section was construed as a whole this language evidenced an intention that such avails should not become a part of the estate of the insured; that the heirs took by contract and not by descent, that the legislature intended "that the administrator or executor should inventory the policies and the amount, if any, received thereon" and also "that he should distribute the proceeds to the heirs rather than put the same into the estate." Section 8719, supra, made no reference to the disposition by will of the avails of such life insurance policies. The legislative enactments of 1927 and 1929 made specific provision for such disposition. And, as was pointed out in the opinion on the former appeal in this case, the primary purpose of the legislative enactment of 1927 (and this was also carried into the legislative enactment of 1929) was to specifically authorize the insured to dispose by will of the avails of life insurance contracts falling within the purview of § 8719, supra. The legislative assembly, in making provision for such disposal, doubtless had in mind not only the distribution of the avails by an administrator or executor to persons entitled thereto as heirs at law of the insured; but as well the distribution of such avails by the executor in accordance with the provisions and directions of the will and in due course of administration while serving as trustee under the will.

It will be noted that the legislative enactments of 1927 and 1929 retained the provision in § 8719, supra, exempting the avails from the debts of the insured and specifically provided that such avails shall pass to the heirs or the legatees as the case may be without deduction. As pointed ·out in the opinion on the former appeal the

question whether the legislature might exempt from the claims of creditors large parts of an estate represented by avails of insurance contracts is not free from doubt. If the avails are part of the estate of the decedent and the heirs take by descent and not by contract, and the avails pass to the heirs at law or legatees without deduction, then obviously the other property in the estate must bear the cost incident to the probate based upon the amount of the entire estate including the part represented by such avails. It cannot be assumed that the legislature intended to abandon the settled policy and rule in force under the former statute and to adopt in lieu thereof a rule of doubtful validity. It would have been perfectly simple to have made the provision which appellants contend that the legislature intended to, and did, make. The language employed, as we see it, does not evidence such intention. As we view it, the primary purpose of the legislative enactment of 1927 was to authorize the insured to dispose by will of the avails of such insurance contracts; but that the legislature intended that unless the insured did dispose by will of the avails of such policies that such avails should remain subject to the same fundamental rules, both as regards status and disposition, that theretofore had prevailed under § 8719, supra.

We are also agreed that the legislative enactment of 1929 did not purport to change the basic rules as regards the status and disposition of the avails of such life insurance contracts. The legislative enactment of 1929 did, however, make some important changes in the law as embodied in the statute of 1927: (1) It applied the rule of the statute to life insurance contracts that were made payable to the insured himself (this was undoubtedly the result of the decision in Cohen v. Ferguson, 56 N. D. 545, 218 N. W. 209, decided December 31, 1928). (2) The legislative enactment of 1927 by its terms applied only to life insurance policies or contracts *"heretofore made."* As a result of this language the enactment of 1927 was much more restricted in its application than was § 8719 before the adoption of the amendatory act. Section 8719 applied to all life insurance policies or contracts. The 1927 amendment thereof restricted the application of the statute to contracts theretofore made; and according to its terms did not apply to contracts made thereafter. This, to say the least, created a situation of uncertainty as regards the status and dis-

position of the avails of contracts made thereafter. The 1929 statute applied the rule of the statute not only to contracts theretofore made but as well to contracts made thereafter. (3) Chapter 225, Laws 1927, stated "the insured may by will or contract transfer the avails of such life insurance policies or contracts heretofore made. Provided, however, nothing herein contained shall be construed as permitting any insured to dispose by will of the avails of such policy or contract as heretofore mentioned if the same is made payable either to a designated person, including the spouse of the insured, or persons or to the members of the family designated as a class. . . ." This language gave rise at least to some basis for a claim that the legislature intended to inhibit an insured from disposing by will of the avails of an insurance contract that was made payable to a designated person or to a class. In other words, this language was such as to give basis for a claim that it inhibited an insured from disposing by will of the avails of a life insurance contract so made payable even though the beneficiary therein had acquired no interest and even though under the terms of the contract the insured had reserved the right to change the beneficiary by will. In the legislative enactment of 1929 these uncertainties or ambiguities were eliminated and the provision was changed to read as follows: "Provided further that nothing herein contained shall be construed as affecting in any manner any life insurance policy or beneficiary certificate that is made payable to a designated person, etc.;" and "this statute is intended to apply only to life insurance policies and beneficiary certificates that by their terms are made payable to the insured, to the personal representatives of the insured or to his heirs or estate."

It is also contended by the appellants that under the provisions of the enactments of 1927 and 1929 the legislative assembly created a new class of persons who are entitled to take the proceeds of insurance contracts of the type to which the statute applies. Attention is called to the provision in these statutory enactments which says "such avails shall . . . pass to the heirs at law or legatees of the deceased . . . as the case may be." It is pointed out that § 8719 provided that "the avails . . . shall be . . . distributed to the heirs or the heirs at law of such decedent," and that under this provision the persons who at the time of the death of the decedent occupied the relation of

heirs at law under the laws of succession took by contract and that "the avails of such a policy must be distributed to the persons belonging to the class enumerated in the same manner and with the same legal effect as if the name of the 'heirs' have actually been specified in the contract of insurance." Jorgenson v. De Viney, 57 N. D. 72, 222 N. W. 464.

Appellants contend that the addition of the word "legatees" in the enactments of 1927 and 1929 evidence a legislative intent to create a new class of persons to whom the avails of such policies must be distributed; and that where the insured makes a will and therein gives certain legacies that the persons who constitute legatees are entitled to participate as distributees of the avails of such policies even though the will makes no reference to the life insurance policies or the avails thereof. In our opinion this contention is untenable.

As said, the legislature sought to make and did make provision whereby the insured might dispose by will of the avails of a life insurance contract of the type falling within the statute; but it retained the provisions formerly existing that in the absence of a will such avails pass to the heirs at law. It was therefore clearly the legislative intention that where the insured makes no specific provision in his will for the disposition of the avails of a life insurance policy of the kind under consideration, the avails of such policy pass to the persons who under the terms of the statute are the beneficiaries as heirs of the insured. It was the intention of the legislature that the avails of a policy falling within the provisions of the statute should go to legatees only in the case and to the extent that the provisions of a will specifically directs that they shall go.

Appellants contend that inasmuch as their answer puts in issue the question whether the plaintiff Laura Anderson is the daughter of the deceased, it necessarily follows that as regards such issue the answer sets forth a defense to the cause of action set forth in the complaint so far as it concerns the plaintiff Elizabeth H. Anderson; for, it is said, that as the estate of the decedent exceeds $25,000.00 it necessarily will follow, in the event the plaintiff Laura Anderson is held not to be the daughter of the decedent, that the appellants here will be entitled to share in the distribution of the avails of the policies as the heirs at law of the insured. The answer of the appellants does not al-

lege the amount of the estate but it does plead that the executors have paid to the plaintiff Elizabeth H. Anderson, the sum of $82,000.00, hence the estate must have exceeded $25,000.00.

In determining who are the heirs at law and who take as such under life insurance policies made payable to the estate or personal representatives of the insured, resort must be had to the laws of succession. When chapter 149, Laws 1929, says that "the avails of a life insurance policy . . . when made payable to the deceased, the personal representatives of the deceased, his heirs or estate, upon the death of such insured, shall . . . pass to the heirs at law . . . of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be," it means that the heirs at law of the insured to whom the avails of such insurance policies are to be distributed are the persons to whom the property of the deceased, in case of intestacy, would pass under the laws of succession, and resort must be had to these laws in order to determine who are the heirs at law of the insured and as such entitled to receive the avails of the policies. Maixner v. Zumpf, 51 N. D. 140, 199 N. W. 183. By the laws of succession of this state it is provided that if a decedent "leaves no issue and both father and mother are dead and the estate does not exceed in value $25,000.00, the whole thereof goes to the surviving husband or wife; as to all property in excess of $25,-000.00 in value, one-half thereof goes to the surviving husband or wife, and if the decedent leaves brothers or sisters or children of deceased brothers or sisters, then the other one-half thereof in equal shares to the brothers or sisters of decedent and to the children of any deceased brother or sister by right of representation." Laws 1915, chap. 249.

In the complaint in this case the plaintiffs allege that "the plaintiffs Elizabeth H. Anderson and Laura Anderson are the widow and daughter, respectively, of the said Axel Robert Anderson, deceased, and that they are the sole heirs at law and next of kin of said deceased."

It is further alleged in the complaint that the life insurance policies and the proceeds thereof are the property of the plaintiffs, "share and share alike;" that the executors have a possessory right only for

the purpose of distributing the proceeds of the policies to the plaintiffs and that the defendants have no interest in such proceeds.

The defendants in their answer admit that the plaintiff Elizabeth H. Anderson is the widow of Axel Robert Anderson, deceased. Their answer also contains a recital that the defendants deny each and every allegation contained in the complaint except those which are expressly admitted. It is this latter allegation which puts in issue the allegation in the complaint that the plaintiff Laura Anderson is the daughter of the deceased Axel Robert Anderson.

According to the allegations of the complaint that are admitted in the answer of the appellants, the plaintiff Elizabeth H. Anderson is the widow of the insured and one of his heirs at law under the laws of succession. And unless the insured, during his lifetime, made some other disposition thereof, the plaintiff Elizabeth H. Anderson, upon his death, became and was one of his heirs at law and entitled to participate as such in the distribution of the avails of the life insurance policies. The plaintiff Elizabeth H. Anderson contends that in the event Laura Anderson is not the daughter of the deceased that then under the laws of succession applicable to the distribution of the avails of life insurance policies she will be entitled to receive all of such avails.

The appellants, on the other hand, contend that if the plaintiff Laura Anderson is not the daughter of the insured that then in view of the value of the estate, they, as the brother and sisters and children of the deceased sisters of the decedent, will be among the heirs at law under the laws of succession and entitled to participate in the avails of the insurance policies.

We find it unnecessary to enter into any discussion of the respective claims thus advanced. A determination of the question raised by the demurrer does not require a consideration thereof. In the complaint in this case the plaintiff Elizabeth H. Anderson asks only that she be awarded judgment for one-half of the avails and she will clearly be entitled to this, unless the insured, during his lifetime, made some disposition of the avails which deprives the plaintiff Elizabeth H. Anderson of her right to claim the avails as an heir at law of the deceased.

The denial in the answer of the appellants that Laura Anderson is the daughter of the deceased does not raise any issue so far as concerns the right of the plaintiff Elizabeth H. Anderson to recover the amount of the avails which in the complaint she asks be awarded to her. While plaintiffs brought one action the facts set forth in the complaint do not show a joint cause of action. They show an individual right of action in each of the plaintiffs. The proof of the vital facts necessary to establish the right of one of the plaintiffs to recover cannot be made by the same evidence which is necessary to establish such right on the part of the other plaintiff. 1 C. J. S. Actions. pp. 1274, 1275. The answer admits that the plaintiff Elizabeth H. Anderson sustained a relationship to the deceased which under the laws of succession constituted her an heir at law. The answer denies that the plaintiff Laura Anderson sustained a relationship to the deceased which upon his death would constitute her an heir at law under the laws of succession. The right of the plaintiff Elizabeth H. Anderson to recover is not dependent upon whether Laura Anderson is or is not the daughter of the deceased. Her right to recover involves a different issue. If upon the trial of this action it were shown that Laura Anderson is not the daughter of the deceased, this fact alone would not affect the right of Elizabeth H. Anderson to recover at least as much of the proceeds of the avails of the policies as she asks be awarded to her. Hence the denial in the answer of the appellants of the allegation in the complaint that Laura Anderson is the daughter of the deceased does not constitute a defense to the cause of action set forth in the complaint in favor of Elizabeth H. Anderson.

It is further contended by the appellants that the answer sets forth facts sufficient to constitute a defense as against the cause of action set forth in the complaint in favor of Elizabeth H. Anderson in this: (1) that the answer alleges that it was the intention of the said testator and his understanding as well as that of the plaintiffs that said will deprived the plaintiffs from any right to "said insurance money" and that the same became a part of testator's estate; and (2) that the answer alleges that before the will was made an agreement was entered into between the plaintiff Elizabeth H. Anderson and the deceased whereby she would accept the homestead, the household fur-

nishings and the sum of $82,000.00 to be given to her in the will in full satisfaction of any and all rights which she had or might have under any statutes of the state of North Dakota to claim any property which the decedent owned at the time of his death and "that she would make no claim to said insurance" or to any exemptions or support money under the laws of the state.

We are agreed that the allegations in the answer purporting to allege that it was the intention and understanding of the testator that the plaintiffs should have no share in the avails of the life insurance policies fail to set forth a defense.

When Anderson obtained the life insurance policies involved in this action it was his intention that the avails of such policies upon his death should go to the persons who at that time occupied the position of heirs at law under the laws of succession unless prior to death he manifested a contrary intention in some legal manner, as, for instance, by change of beneficiary, by contract or by specific provision in his will. It will not be assumed that Anderson departed from the original purpose manifested when the policies were issued but rather that be adhered to it. Jorgenson v. DeViney, 57 N. D. 63, 222 N. W. 464. The will in this case made no reference to the insurance policies or the avails thereof. Hence, so far as the will is concerned it evidences an intention that the proceeds of the policies should be distributed to the heirs at law under the provisions of chapter 149, Laws 1929.

The appellants, however, contend that the answer does not merely allege that it was the intention and understanding of the testator that the plaintiffs should not share in the avails of the insurance policies; but that the answer sets forth that there was an agreement between the plaintiff Elizabeth H. Anderson and the testator whereby it was agreed that if the testator made certain provision for her in his will that she would accept the same in full satisfaction of all rights which she had or might have under any of the statutes of the state of North Dakota to claim any property which decedent owned at the time of his decease and that "she would make no claim to said insurance." While these allegations are vague and indefinite as regards the disposition to be made of the avails of the policies that otherwise would have gone

to Elizabeth H. Anderson, they do set forth positively that there was an agreement on her part that if the testator would make certain provision for her in his will that "she would make no claim to said insurance."

The members of the court are not agreed as to the effect of these allegations; some of the members are of the view that the allegations are insufficient to set forth an enforcible agreement. A majority of the court, however, are of the view that this allegation does set forth a defense against the cause of action of Elizabeth H. Anderson and that if it is shown that a valid agreement was entered into between her and her husband wherein it was specifically agreed that he should make certain provision for her in the will which he was about to prepare, and that if he made such provision that she would make no claim to any of the avails of the insurance policies, that then she cannot maintain an action for such avails.

The members of the court are all agreed, however, that it must be established that there was an express and specific agreement as alleged and that there is no basis under the facts set forth in the answer to imply the existence of any such agreement.

It is also alleged in the answer that the plaintiff Elizabeth H. Anderson, by claiming under the will, elected to accept the benefits under the will and thereby waived, relinquished and surrendered any and all rights she had under the statutes, including the right to the avails of the insurance policies.

We are agreed that these allegations do not set forth facts sufficient to constitute either a defense or counter-claim. In short, we are agreed that the only defense set forth in the answer to the cause of action of Elizabeth H. Anderson is the positive allegation that she entered into an agreement whereby for the consideration stated she agreed to make no claim for the avails of the insurance policies and that this constitutes the only defense set forth in the answer.

It follows, therefore, that the order appealed from must be and it is reversed.

BURKE, and NUESSLE, JJ., concur.

MORRIS, J. (concurring specially). I concur in what is said in

the majority opinion concerning the matters upon which reversal is predicated, but I am unable to agree with the construction which my associates place upon chapter 149 of the Session Laws of 1929.

Section 8719 of the Compiled Laws of North Dakota for 1913, as construed by the decisions of this court cited in the majority opinion, provided that the avails of a life insurance policy payable to the personal representatives of a deceased, his heirs, or estate, passed to the heirs at law of the insured by contract and not by descent, and that such avails did not become a part of the estate of the deceased. That section provided that such avails "shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent." In 1927 the legislature amended and re-enacted the above section (chapter 225 of the Session Laws of North Dakota for 1927) so as to provide that such avails "shall not be subject to the debts of the decedent, except by special contract, but such avails shall be inventoried *as part of the estate of the deceased* and shall be distributed *without deduction, and pass* to the heirs at law *or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be. . . .*" Chapter 149 of the Session Laws of 1929 is broader in its scope of applicability than the 1927 act, in that it applies to additional classes of policies, but both acts contain the language above quoted and involve the same question of disposition of avails. It is my view that the marked departure from the text of the old statute, as indicated by the above italicization, denotes a definite intention to treat such avails as a part of the estate for purposes of distribution.

The avails of the life insurance policies in this case constitute a fund which came into existence upon the death of the insured and as a result of a contract between the insured and the insurer. It was not a part of the assets of the insured during his lifetime. Prior to his death his creditors acquired no interest in this fund. A statute which excludes creditors of the insured from participating in such fund after the death of the insured is not an exemption statute within the contemplation of § 208 of the North Dakota Constitution, the purpose of which is to secure the "right of the debtor to enjoy the com-

forts and necessaries of life." Under the decisions of this court construing § 8719 of the Compiled Laws of 1913, the right of the legislature to provide that such avails pass to the heirs by contract, to the exclusion of the creditors, has already been recognized. There can be no question but that the legislature might make such avails a part of the general assets of the estate. I think that it is also within the power of the legislature to make such avails a part of the estate for purposes of distribution, but withhold from creditors the right to subject them to the debts of the decedent, and that the exercise of such legislative power does not contravene § 208 of the State Constitution providing for exemption for debtors, or § 111 vesting in the county court exclusive original jurisdiction in probate and testamentary matters. Cass County v. Nixon, 35 N. D. 601, 161 N. W. 204, L.R.A. 1917C, 897; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302.

The practical difference between my view and that of the majority of the court may be summed up in a few words. According to the majority opinion, the avails pass into the hands of the executor and are listed by him in the inventory. They do not become part of the estate, but are paid out to the heirs unless the intention to dispose of such avails by will appears therein in clear and unmistakable terms. This construction of the law gives rise to but leaves unsettled the important questions as to whether the avails in the hands of the executor are protected by his official bond, and to whom they would be distributed in event there were no heirs. Under my view of the statute the avails go into the hands of the executor, are listed in the inventory, and for purposes of distribution become a part of the estate protected by the bond and subject to the determination of the county court as to the respective rights of the heirs and legatees. They are not subject to the debts of the deceased or costs of administration, but must be accounted for and distributed as assets of the estate "and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will as the case may be."

BURR, J. (concurring in part). I agree with the majority of the

court as to the law stated in the foregoing opinion; but disagree as to the disposition of the demurrer to the answer.

I do not think the defendants' answers to the complaint of Elizabeth Anderson state a defense. To my mind the casual references to contracts and agreements alleged to have been made by Elizabeth Anderson are so vague that I believe the order of the district court in sustaining the demurrer should be affirmed and the defendants required to set forth specifically and clearly just what their contention is.

CHRISTIANSON, Ch. J. (On Petition for Rehearing.) Appellants petition for a rehearing. In their petition they invoke the rule that "a demurrer searches the record" and that, hence, the court must consider the sufficiency of the complaint and it is argued that the complaint fails to state a cause of action:

(1) Because it fails to set forth the terms of the policies or to allege the terms employed by the policies in designating beneficiaries; and

(2) That it does not allege the dates on which either of the policies were issued.

In our opinion the contentions thus advanced cannot be sustained.

As pointed out in the former opinion, the question of the sufficiency of the complaint was presented to this court on the former appeal. 65 N. D. 721, 261 N. W. 759. On that appeal the specific objections now urged to the complaint were not raised. Neither were they raised on the argument on this appeal. They are raised for the first time by the petition for rehearing. On the former appeal and on the argument of this case there was no contention that the policies in suit were not of the type to which chapter 149, Laws 1929 applied. The contention of the appellants was that the statute had been changed by the legislative enactments of 1927 and 1929 so that the rule existing before those statutory enactments were adopted did not apply.

We are agreed that in the circumstances disclosed here appellants cannot be heard to assert that the complaint is insufficient in either of the particulars alleged.

The question whether the complaint did or did not state a cause of action was determined on the former appeal and the decision there

became and is the law of the case. 4 C. J. 1093, 1100. And where an appeal has been heard and determined on a certain theory, a rehearing cannot be had on grounds inconsistent with such theory. 4 C. J. 632.

Furthermore the complaint does show that the beneficiary is designated in the policies by one of the terms specified in chapter 149, Laws 1929. According to its provisions that statute applies "to life insurance policies . . . that by their terms are made payable to the insured, to the personal representatives of the insured, or to his heirs or estate." In ¶ 7 of the complaint it is alleged that both life insurance policies in suit "were made payable to the *estate* of said deceased." This allegation, as we view it, can mean only one thing, namely the policies, by their terms, were made payable to "the estate" of the insured.

A rehearing is denied.

Burr, Nuessle, and Morris, JJ., concur.