[File No. 6982]

IN THE MATTER OF THE ESTATE OF NORMAN D.
BLACK, Deceased.

CORA P. BLACK, Individually and as Executrix of the Will of
Norman D. Black, Deceased, Respondent, v. JOHN GRAY,
as State Tax Commissioner of the State of North Dakota,
Appellant.

(23 NW2d 35)

Opinion filed May 18, 1946

*Nels G. Johnson,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *Charles Simon,* Special Assistant Attorney General, for appellant.

*Howard G. Fuller,* for respondent.

NUESSLE, J. The question for determination on this appeal is whether the avails of certain life insurance policies constitute a part of the gross estate of the insured decedent, Norman D. Black, for the purpose of computing the estate tax pursuant to the provisions of the Estate Tax Act.

The facts are undisputed. Norman D. Black died testate on August 3, 1944. At the time of his death he held life insurance policies in various insurance companies, aggregating in amount more than $100,000. His wife, Cora P. Black, the respondent on this appeal, was named as beneficiary in these policies but he retained the right to change the beneficiary. The avails of the policies were duly paid to her. She was appointed and qualified as executrix of his will. Pursuant to the rules and regulations of the tax department of the State of North Dakota, she filed in the county court an "Application for Determination of Estate Tax and Return." In this application she set forth the facts with respect to the policies and that she had collected the avails thereof. She also set forth her protest and objection to the inclusion in said estate of these avails for the purpose of taxation. The county court, overruling this objection, held that the avails of the policies thus paid to her were for tax purposes to be considered a part of the estate, and that all of the same, in excess of $20,000, were subject to the estate tax. This holding was approved and confirmed by the tax commissioner. Mrs. Black ap-

pealed from this holding to the district court, where it was reversed. Whereupon the tax commissioner perfected the instant appeal.

The Estate Tax Act, the statute here under consideration, was enacted as chapter 267, Session Laws 1927. It superseded Article 36 of Chapter 34 of the Political Code, 1925 Supplement, providing for the imposition of inheritance taxes. As amended it appears in the 1943 Revised Code as Chapter 57–37, §§ 57–3701 to 57–3732, both inclusive. Section 57–3701, supra (subsection 1, § 2 of the Act) provides, "A tax is hereby imposed upon the transfer of the net estate of every decedent, whether in trust or otherwise, under the conditions and subject to the exemptions and limitations in this chapter prescribed." Section 57–3702 (subsection 2, § 2 of the Act) provides that "The value of the gross estate of a resident decedent shall be determined by including the following property: (1) All real property within this state; (2) All tangible personal property except that which has an actual situs without this state; and (3) All intangible personal property wherever located." Succeeding sections enumerate other items to be included in determining the gross estate, but there is nowhere in the chapter any express provision that the avails of life insurance shall be so included. Section 57–3710 (subsection 8, § 2 of the Act, as amended) however, provides that "All proceeds from life insurance policies not in excess of twenty thousand dollars shall be exempt from taxation under the provisions of this chapter." Originally, § 57–3710 read "All proceeds from life insurance policies shall be exempt from taxation." See, subsection 8, § 2 of the Act. It was amended to its present form by chapter 251, Session Laws 1933.

The respondent Mrs. Black was designated as beneficiary in all of the policies here involved. Thus she took by contract and not by descent. Accordingly, the avails of the policies never became a part of the estate of the insured. And the fact that the insured had reserved the right to change the beneficiary made no difference in this regard. Nulsen v. Herndon, 176 La 1097, 147 So 359, 88 ALR 236; Tyler v. Treasurer, 226 Mass 306, 115

NE 300, LRA1917D 633; McNamara v. Knights of Columbus, 206 App Div 364, 201 NYS 235; Thornton v. National Council, Jr. O. U. A. M. 110 W Va 412, 158 SE 507; Frick v. Lewellyn (DC) 298 F 803. See, also in this connection, § 26–1018, Rev. Codes 1943; Anderson v. Northern & Dakota Trust Co. 67 ND 458, 274 NW 127, and cases cited therein. Obviously, the word "estate" is used above in its common and ordinary sense as meaning the aggregate property of all kinds which a person may leave to be divided at his death. See Webster's New International Dictionary, 2d ed. On the other hand, the word "estate" as used in the Act is used not only in that sense, but is enlarged and made more comprehensive by succeeding provisions of the Act. Nothing, however, can be found in those provisions evidencing an intent to include the avails of life insurance policies, such as we are concerned with in the instant case, except the tenuous inference that possibly may be drawn from § 57–3710, supra.

Section 57–3710 is an exemption statute. It does not levy a tax: it presupposes a tax that has been levied and exempts from that tax. The appellant argues, however, the inference must be drawn from the words of § 57–3710 that the legislature intended the avails of life insurance policies, such as we are concerned with here, should be considered for purposes of taxation, a part of the estate of the insured decedent; that unless this is so the section is meaningless and futile. Appellant, however, overlooks or disregards the fact that the avails of a life insurance policy may be made a part of the estate of an insured either by contract or by will. See § 26–1018, Rev. Codes 1943; Jorgensen v. De Viney, 57 ND 63, 222 NW 464; Anderson v. Northern & Dakota Trust Co. (ND) supra, and other cases cited therein. Accordingly, this argument is not well grounded. As we have shown above, originally § 57–3710 exempted the avails of all insurance policies. So the 1933 amendment of that section did no more than limit the exemption to $20,000 where such avails are made a part of the estate by contract or by will.

The appellant, in support of the construction given to the

Estate Tax Act by the county court, cites and relies upon the cases of United States Trust Co. v. Helvering, 307 US 57, 83 L ed 1104, 59 S Ct 692, and Chase Nat. Bank v. United States, 278 US 327, 73 L ed 405, 49 S Ct 126, 63 ALR 388. In that behalf he argues that the Estate Tax Act (chapter 57–37, supra), was derived and adapted from the Federal Statute, Act February 26, 1926, chapter 27, 44 Stat 69, et seq, and that the construction put upon the provisions of the Federal Statute by the courts of the United States should be persuasive if not controlling in construing the provisions of the Estate Tax Act. It may be conceded that the Act enacted in 1927, was largely patterned upon the provisions of the Federal Statute. It is true many of its provisions are very much like those of the Federal Statute, but there are such dissimilarities that the cases cited have little point in this particular instance. Subsection 1, section 2 of the Estate Tax Act, provides "A tax shall be and is hereby imposed upon the transfer of the net estate of every decedent, whether in trust or otherwise, under the conditions and subject to the exemptions and limitations hereinafter prescribed." The Federal Statute, chapter 27, § 301(a), 44 Stat 69, § 810, 26 USCA, 6 FCA title 26, § 810, provides that "A tax . . . shall be imposed upon the transfer of the net estate of every decedent, citizen or resident of the United States, dying after the date of the enactment of this Title." Subsection 2, § 2 of the Estate Tax Act (§§ 57–3702 et seq.) provides what shall be included in determining the value of the gross estate for purposes of taxation. The Federal Statute, § 811, 26 USCA, 6 FCA title 26, § 811, provides what shall be included in the gross estate of the decedent for the purpose of determining the value of his property at the time of his death for purposes of taxation. These two sections are, in most respects, very much alike. But there is this notable difference, and it is vital: subsection 8, of § 2 of the Act, originally read: "All proceeds from life insurance policies shall be exempt from taxation" and, as amended by chapter 251, Session Laws 1933, to the form in which it now appears in § 57–3710, reads: "All proceeds from life insurance policies not in excess of twenty thousand dollars shall be exempt from taxation under the pro-

visions of this chapter." On the other hand, subsection (g) of § 811, 26 USCA, 6 FCA title 26, § 811, provides that the proceeds of life insurance shall be included for the purpose of determining the value of the decedent's estate "To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; *and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.*" Thus it is clear that Congress deemed it necessary in order to tax the avails of life insurance policies made payable to beneficiaries, as are the policies here involved, to specifically provide for the inclusion of those avails in determining the value of the gross estate for purposes of taxation. On the other hand, when the legislature enacted the Estate Tax Act, it not only omitted such a provision, but included the express exemption contained in the original § 57–3710, that no avails of life insurance policies should be subject to taxation. And it is equally clear that subsequently when the legislature enacted the 1933 amendment (chapter 251, Session Laws 1933, supra), it intended merely to modify this exemption by providing that avails of insurance policies not in excess of $20,000, *made a part of an insured's estate by contract or by will,* should be exempt from taxation. Thus the Federal Statute and the Estate Tax Act are so different in these respects that any construction put upon the one can be of no aid in construing the provisions of the other.

Finally appellant urges that at all times since the enactment of the Estate Tax Act and its amendment in 1933, the officers of the state tax department and the county courts have given the construction to the act for which the appellant here contends and that this construction should be given great weight in determining the instant case. It is true the rule is that in construing a statute of doubtful meaning the court will give weight to the long-continued practical construction placed thereon by the officers charged with the duty of executing and applying the statute. State v. Equitable Life Assur. Soc. 68 ND 641, 282 NW 411. But, as the trial court aptly said touching this point in his mem-

orandum opinion: "This rule is not an absolute one. It is merely an aid in determining the intent of the legislature, and while given great weight in resolving the question of the proper construction of a given statute, it should not be used where there is no ambiguity or doubt respecting the meaning of the statute, where the statute considered, in its entirety, clearly discloses the intent and will of the legislature. The rule should not be invoked to read into a statute a provision which the legislature deliberately omitted from it. To use the rule in such manner would not be interpretation; it would be legislation." As we view the Estate Tax Act there is no doubt or uncertainty as to its meaning, so there is no room for the application of this rule.

The judgment of the district court was right and it must be and is affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS, and BURR, JJ., concur.