HON. A. M. BUCHANAN,
HON. H. M. SPOFFORD, } *Associate Justices.*
HON. J. L. COLE.

---

### SUCCESSION OF J. F. H. PARGOUD.

13 367
50 1022

The tax of ten per cent. required by the Act of March, 1855, sec. 7, to be paid by every heir, legatee or donee, domiciliated in a foreign country, upon all sums of money, or on the value of all property which he may have received from the succession of any person deceased, in this State, is not a debt due by the succession, but is simply a debt due by the heir who happens to reside in a foreign country.

Foreign heirs have also a right to accept a succession purely and simply, and to take possession of the property without interference by the State, unless there is an averment that they intend to remove the property to defraud the State.

A suit to recover this tax should be brought directly against the heirs who, under the statute, owe it to the State.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *F. P. Stubbs*, for appellant. *McGuire & Ray*, for appellee.

SPOFFORD, J. The District Attorney of the 12th Judicial District applied to the District Court for the parish of Ouachita for an order to the Recorders of the parishes of Ouachita, Carroll and Morehouse, and to a Notary Public in the parish of Orleans, to make inventories and appraisements of all the property, etc., belonging to the *Succession of Jean François Hypolite Pargoud*, deceased, late a resident of the parish of Ouachita, and also for an order appointing *Robert W. Jamison* administrator of the succession of said *Pargoud*.

In a supplemental petition, the District Attorney prayed, in addition to the foregoing demands, that the State of Louisiana be recognized as a creditor of *said succession* to the amount of ten per cent. upon the interest of *Madame Marie H. Pargoud*, *Nicholas Hypolite Pargoud* and *Marie Léontine Steenacher*, wife of

*Frederick Steenacher;* and further, that, in case an administration should be deemed unnecessary, the heirs of the deceased to be required to give bond and security upon ascertaining the amount due to the State by fair inventories, to pay whatever claim the State of Louisiana may have *against the succession of the said Jean F. H. Pargoud, deceased,* and for general relief.

The application was opposed by *Jean François Pargoud,* a resident of the parish of Ouachita, who alleged that he was one of the heirs of said succession and agent and attorney-in-fact of all the other heirs, and that they had accepted the succession purely and simply, and no inventory or administration was necessary.

The court below, after a hearing, dismissed the application, and the District Attorney has appealed.

It appears to us that the District Attorney has misconceived his remedy, if he is proceeding under the Act of March 15th, 1855, section 7. That section declares " that *each and every person,* not being domiciliated in this State and not being a citizen of any State or territory in the Union, who shall be entitled, whether as heir, legatee or donee, to the whole or any part of the succession of a person deceased, whether such person shall have died in this State or elsewhere, *shall pay a tax* of ten per cent. on all sums, or on the value of all property which he may have actually received from said succession, or so much thereof as is situated in this State, after deducting all debts due by said succession, when the inheritance, donation or legacy consists of specific property and the same has not been sold, the appraisement thereof in the inventory shall be considered as the value thereof. Every executor, curator, tutor or administrator having the charge or administration of succession property belonging in whole or in part to a person residing out of this State, and being a citizen of any other State or territory, shall be bound to retain in his hands the amount of the tax imposed and to pay over the same *to the State Treasurer or to the officer appointed by him;* in default whereof, every such executor, curator, tutor or administrator and his sureties shall be liable for the amount thereof."

It will be seen by this statute that the tax is not a debt of the succession ; it is simply a debt of the *heir* who happens to be domiciliated in a foreign country. The State cannot be called a creditor of *Pargoud's succession,* it can only be a creditor of some of *Pargoud's* heirs.

But it is admitted that the heirs are in possession of the estate through their attorney-in-fact, *Jean François Pargoud,* himself an heir, and a resident of Louisiana. The State then has no interest and no right to provoke an administration of the succession ; for the succession owes nothing to the State : and the heirs, even if they do owe the State, have a right to accept the succession purely and simply and to take possession of the property without interference by the State, at least, unless there is an averment that they intend to remove the property to defraud the State.

When an executor, curator, tutor or administrator is appointed to " administer a succession, and there are heirs residing out of this State, *and being citizens of any other State or territory,* (to use the literal terms of the statute, as shown by an exemplification from the rolls,) then such executor, etc., shall be bound to retain in his hands the amount of the tax imposed, to be paid to the State Treasurer.

The suit should have been brought directly against the heirs (if any such there be) who, under the statute, owe the tax ; all the heirs are in possession through an agent resident here.

The present application for inventories and the appointment of an administrator was properly dismissed.

The grave questions respecting the interpretation and binding force of the treaty or consular convention between the United States and France, concluded on the 23d February, 1853, and its application to the heirs of *Pargoud*, it would be premature to decide under such a form of proceeding as this record presents.

Judgment affirmed.