## Commonwealth v. Cassady.

(Decided September 29, 1914.)

Appeal from Whitley Circuit Court.

Exemptions.—Exempt property cannot be subjected to the payment of a judgment for a fine by attachment.

J. B. SNYDER for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

In seven prosecutions against him in the Whitley Circuit Court for selling liquor illegally, John Cassady was found guilty, his punishment being fixed at fine and imprisonment. He was placed in jail under the judgments, and after his release from jail, this proceeding was instituted by the Commonwealth against him attaching in the hands of the jailer $440.00, which the jailer had found in his possession while he was in jail.

He pleaded among other things that he was a *bona fide* housekeeper with a family, a resident of the State of Kentucky, his family consisting of seven infant children depending upon him for support, that the only property he had of any kind was the $440 in the hands of the jailer, and that it was exempt under the statute. An agreed statement of facts was filed in substance the same as alleged in the answer, and the circuit court on these facts dismissed the proceeding. The Commonwealth appeals.

In Commonwealth v. Lay, 12 Bush, 283, it was held by this court that the exemptions allowed by law to a housekeeper with a family cannot be seized under execution in favor of the Commonwealth for fines. It is insisted that that case should be overruled. But it is in accord with both the spirit and purpose of the statute. The statute was designed to protect the family. The exemption is not for the benefit of the debtor; it is for the benefit of the family. It is to the interest of the State that children should be protected from want, and that families should be kept together. The same rule has been applied by the Supreme Court of the United States as to judgments in favor of the United States. (Fink v. O'Neal, 106 U. S., 272.) In 12 Am. & Eng. Ency. of Law, 179, it is said:

"In the absence of express provision it has been held or stated in a few cases that the exemption laws do not apply as against debts due to the State, on the principle that the State is not to be bound by a statute unless expressly named therein. By the weight of authority, however, the statutes are to be regarded as applicable to debts due to the State, because the State is bound by general words of a statute made for the maintenance of religion, the advancement of learning, or the support of the poor, on the ground that the State as well as the individual is within the policy of such laws." (See also 21 Cyc., 519.)

The conclusion we have reached on this branch of the case makes it unnecessary for us to consider any of the other questions raised.

Judgment affirmed.