OVERTON, J.
 

 This is an appeal from a judgment decreeing liability on the part of three legatees in specified amounts for inheritance taxes, under Act No. 127 of 1921, Extra Session.
 

 The litigation is an outcome of the last will and testament of Frederick G. Cotton. In this will, the deceased, after recognizing the right of his son and his daughter to their legitimes in his estate, and after making certain minor bequests, willed the residue of his estate, including the légitimes of his two children, to the Canal Bank & Trust Company, in trust, directing the trustee to pay out of the net income of the residue monthly or quarterly, as it shall decide, the following, among other bequests:
 

 "To my half Sister, Mrs. Josie B. Simmons, now residing in Americus, Ga., the sum of one thousand five hundred ($1,500) dollars, annually, for life.
 

 “To Lydia Cotton, widow of Richard W. Cotton, the sum of six hundred ($600) dollars, annually, for life.
 

 “To Annie B. Cotton, my divorced wife, one thousand five hundred ($1,500) dollars¡ annually, for life.”
 

 The testator left the residue of his estate, after providing for the légitimes of his son and his daughter, and after making certain bequests, to his two grandchildren, the children of his daughter, Norinne Sisk, but in trust until they reach the age of 31 years, respectively.
 

 The will contains a paragraph, reading as follows, to wit:
 

 “Should the income not be sufficient to meet the provisions for my half sister, for the widow of R. W. Cotton, and for Annie B. Cotton, the said allowances shall each suffer a proportionate reduction to meet the situation. The payment of allowances to the persons just named shall be made by the trustee out of the net income of my estate, excluding therefrom for this purpose, the income on the légitime of my two children. Should either or all of the said persons survive the period of the trust, payment shall continue ' nevertheless until the respective death of said beneficiaries, and it shall be the duty of the trustee before delivering the trust estate to my grandchildren to provide for the protection of said payments by depositing in the registry of the court, bonds sufficient in principal, to produce the revenue necessary for such payments, which bonds shall be registered as principal for the purposes here indicated. The trustee may in its discretion and with the consent and approval óf the parties in interest follow any other method that will protect said payments, acting always under legal advice.”
 

 The judgment appealed from decrees, among other things, that Mrs. Josie B. Simmons, upon a valuation of her legacy at $14,-
 
 *824
 
 568.37, shall pay an inheritance tax of $678.42, that Mrs. Annie B. Cotton, upon a valuation of her legacy at $15,158.84, shall pay an inheritance tax of $1,215, and that Lydia Cotton, upon a valuation of her legacy at $6,286.34, shall pay an inheritance tax of $264.32. These are in accord with the amounts prayed for by the inheritance tax collector.
 

 It is assigned that this judgment is erroneous on the following grounds:
 

 “(1) The judgment is erroneous in holding that the legacies of net income aforesaid are taxable under the Act 127 of 1921, Ex. Session.
 

 “(2) In the alternative and should the error first assigned be overruled, said judgment is erroneous, in fixing the value of the legacies at the sums stated and taxing same against the legatees in the amounts fixed.”
 

 The Act No. 127 of 1921 (Ex. Sess.) imposes an inheritance tax upon every inheritance, legacy, or donation or gift made in contemplation of death; the per centum of the tax varying with the relationship of the heir, legatee, or donee to the deceased or donor and with the value of the inheritance, legacy, or donation, the value being required to exceed certain amounts, the amount exempt varying according to the relationship of the recipient to the deceased or donee.
 

 It is urged by appellants, under the first error assigned, that income to be earned and received is not property having a fixed value, at the date of a testator’s death, within the intendment of the act, and that what the act contemplates in imposing a tax on legacies is to impose it on legacies of physical property having a known definite value and not a speculative value. It is also urged by appellants, under this ground, that a certain amount to be paid, at stated periods, to another, out of income to be earned and received, is not an annuity, but is merely a part of income, which is not levied upon by the statute.
 

 It is within the contemplation of the statute that all legacies of all classes of property shall be subject to an inheritance tax, save such legacies as are expressly declared to be exempt in whole or in part, and then only to the extent of the part declared to be exempt. That this is so is apparent from the reading of section 2 of the act, where it is declared that the tax is imposed upon every inheritance, legacy, or donation or gift made in contemplation of death, excluding, of course, such as are declared exempt in whole or in part, and then only to the extent of the exemption, and also by the declaration that the tax shall be imposed with respect to all property of every nature .and kind included or embraced in any inheritance, legacy, or donation or gift made in contemplation of death. A right to income, to be earned, left to one by a will, is property, and therefore comes within the provisions of the statute. Moreover, section 23 of the act provides a specific method of fixing the value of a legacy or donation mortis causa which consists in whole or in part of an annuity or usufruct or right of use or habitation. The bequest of money to bo earned from the whole or a part of the testator’s estate, payable monthly or quarterly for life, may be regarded as an annuity. 3 O. J. pp. 200 to 203, §| 1 to 8, inclusive. Hence there appears to be express recognition of liability of the legacies here involved for the payment of inheritance taxes. It is true, as urged by counsel, that the Civil Code, article 2793, under the title pertaining to annuities, defines an annuity as a contract “by which one party delivers to another a sum of money, and
 
 *826
 
 agrees not to reclaim it so long as the receiver pays the rent agreed upon.” However, this definition is, by no means, all-inclusive, and it is clear, from the context of section 23 of the act of 1921, that the Legislature had no intention of being controlled by it, but used.the word in a broader sense. Our conclusion is that the right to receive by inheritance the claim to the income is subject to the payment of an inheritance tax.
 

 The inheritance tax collector has calculated the value of each of the three legacies involved by using the mortality table and the table showing the present value of $1, due at a fixed time in the future, found in section 23 of the act, to calculate the value of each legacy for each year during thé expectancy of the legatee, and has added the results together in ascertaining the value of the right inherited at the death of the testator. Appellants urge that this is error, and that the method of calculating should be to find, first, the expectancy of life of the legatee, according to the mortality table embodied in the statute, and then ascertain the value of the dollar in the last year of the legatee’s expectancy as given in the value of the dollar table and multiply such value by the amount of the legacy, to ascertain the value of the legacy. In our view the inheritance tax collector is correct and the appellants are in error. The value of the legacy for each year during the expectancy of the legatee should be considered in ascertaining the value of the legacy, this for the purpose of ascertaining its value at the time of the death of the testator.
 

 The fact that the testator made provision for a proportionate reduction of the legacies, in the event the income should not be sufficient to meet them, does not alter the case. From all present appearances the income will be ample, in fact, far more than ample. As to the more distant future, should there be a failure of the contemplated income, this is a chance that the legatees must take, and properly so.
 

 The appellant Mrs. Annie B. Cotton urges that whatever inheritance tax is due should be paid by the succession. This is not correct. The tax is upon the right to take and receive the legacies and not upon the right to give or bequeath them, and hence the tax must be borne by the legatees. Even where the testator has provided for the payment of inheritance taxes out of his estate, which he has done in some instances in this case, nevertheless the legatees are primarily bound for the tax due on their respective legacies.
 

 The judgment is affirmed.