## Succession of HEDDEN.

### No. 14061.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Rehearing Refused Oct. 3, 1932.

Writ Refused by Supreme Court Oct. 31, 1932.

Montgomery & Montgomery, of New Orleans, for appellant, executrix, and universal legatee.

Earl K. Long and Nicole E. Simoneaux, both of New Orleans (Normann, McMahon & Breckwoldt, of New Orleans, of counsel), for inheritance tax collector.

JANVIER, Judge.

When this matter was submitted on the first hearing, counsel for both parties cited authority, notably Succession of Pargoud, 13 La. Ann. 367, to the effect that: "* * * The tax (inheritance) is not a debt of the succession; it is simply a debt of the heir. * * *"

In the absence of further discussion, we assumed that it was conceded that the question of whether the said tax is or is not a "debt" was not in controversy. We therefore treated the tax as a debt, and devoted our attention exclusively to the consideration of whether or not the exemption from debt granted by the act of 1914 (No. 189), as amended by the act of 1916 (No. 88), was to be limited to debts due by the deceased, or by his estate, or was intended to be extended to debts due by the heir.

It is now strenuously contended, however, that an inheritance tax is not a "debt," and that therefore the exemption statutes afford no protection against such taxes.

In support of this argument to the effect that taxes are not debts, counsel for plaintiff cite many decisions, including several rendered by our Supreme Court. They point to Geren v. Gruber, 26 La. Ann. 694, in which it was said that: "Taxes are not debts in the ordinary sense of that word."

They also cite Reed v. Creditors, 39 La. Ann. 115, 1 So. 784, 786, in which is found: "* * * Taxes are not debts, in the ordinary acceptation of the term. * * *"

Counsel for defendant use the same cases to support their contention that taxes are debts, and they point to the fact that in the above-cited decisions, and in practically all others along analogous lines, although it is said that taxes are not debts in the usual sense of the word, that very language indicates that, although it may be unusual to designate taxes as debts, still they may be so designated, and they call our attention to the language of the exemption statutes of 1914 and 1916 to the effect that proceeds, avails, and dividends of insurance policies "shall be exempt from all liability from any debt"; and they contend that the use of the word "all" and the use of the word "any" shows an intention on the part of the Legislature to exempt, not only ordinary debts, but extraordinary or unusual ones, such as taxes and other forced contributions.

In the case of the ordinary debt due to the sovereign, the majority rule seems to be that such a debt is within the contemplation of a statute granting a general exemption from debt, even though it is not expressly provided

in the exemption statute that debts due to the sovereign are to be included in the exemption. 11 R. C. L. 537, verbo "Exemptions," § 51; 25 C. J. pp. 97, 98, verbo "Exemptions," § 169; Am. & Eng. Enc. of Law (2d Ed.) 179; 21 Cyc. 519; Commonwealth v. Cassady, 159 Ky. 776, 169 S. W. 497, L. R. A. 1915A, 1214.

There is, however, considerable authority to the contrary, and no case has been called to our attention, nor have we found one, in which it has been held that a statute granting a general exemption from debt includes within its protection such unusual debts as taxes, unless the said taxes are expressly referred to in the exemption statutes. In Providence Bank v. Billings, 4 Pet. (U. S.) 514, 561, 7 L. Ed. 939, the Supreme Court of the United States said: "That the taxing power is of vital importance; that it is essential to the existence of government; are truths which it cannot be necessary to reaffirm. They are acknowledged and asserted by all. It would seem that the relinquishment of such a power is never to be assumed. We will not say that a state may not relinquish it; that a consideration sufficiently valuable to induce a partial release of it may not exist; but as the whole community is interested in retaining it undiminished, that community has a right to insist that its abandonment ought not to be presumed, in a case in which the deliberate purpose of the state to abandon it does not appear."

The thought so well expressed by Mr. Chief Justice Marshall has furnished us the "ratio decidendi," for which, until we read that case, we had been groping.

Taxes are essential to the operation of government, whether municipal, state, or federal, and it is not to be assumed that exemptions therefrom have been granted, unless the intention of those authorized to provide such exemptions has been clearly expressed.

Could taxes be said to be included in the term "debt" in the ordinary sense, we would be forced to hold that exemption from debt should be interpreted as including an exemption from liability for taxes. But, in order to interpret the word "debt" as including taxes, an unusual meaning must be given to the word.

If, then, the legislators, in adopting the acts of 1914 and of 1916, intended that those statutes should operate to the prejudice of inheritance taxes, they not only did the unusual in that they granted exemption from liability for taxes, but they did it in an extraordinary way by giving to an ordinary word an extraordinary and unusual meaning.

Since legislative intent to grant immunity from taxation will not be presumed to exist unless expressed clearly and without ambiguity, it follows that, unless no other interpretation is reasonable, words used by legislators will not be interpreted in an unusual or extraordinary way when such interpretation would have the effect of granting such immunity.

We conclude that it was not the intention of the lawmakers that the word "debt" should be interpreted as including inheritance taxes.

Since only debts are exempted, and since we believe that the word "debts," in this instance at least, does not include inheritance taxes, it follows that the judgment rendered below was correct.

It is therefore ordered, adjudged, and decreed that our original decree is recalled and annulled, and it is now ordered, adjudged, and decreed that the judgment appealed from be, and it is, reinstated and affirmed; appellant to pay all costs.

Original decree recalled; judgment of district court affirmed.