## STATE v. SUCCESSION OF BREWER.

No. 5713.

Court of Appeal of Louisiana. Second Circuit.

July 15, 1938.

Isaac Wahlder, of Alexandria, for appellant.

John R. Hunter & Son, of Alexandria, for appellee.

TALIAFERRO, Judge.

A question of law only is propounded by this appeal. Since the right of the State to enforce collection of the tax involved therein is challenged, and because the exact question raised, under the state of facts disclosed by the record, has not heretofore been passed on by the Supreme Court of the State, we certified said legal question to that court and requested instructions thereon. These are now before us.

The Supreme Court in its instructions has clearly stated the undisputed facts of the case, the issue tendered by the pleadings, with reasons and citations in support of its conclusions, which we here copy and adopt as our own, viz.:

"Ponder, Justice.

"The Court of Appeal, Second Circuit, under the provisions of Section 25 of Article 7 of the Constitution of 1921 certifies this case for instructions.

"The question of law that the Court of Appeal desires instructions on arises out of the suit of State of Louisiana v. Succession of James H. Brewer, No. 5713 on the docket of the Court of Appeal. The facts stated by the Court of Appeal are to the effect that James H. Brewer, a resident of Louisiana, died therein intestate and without issue. James H. Brewer during the lifetime of his wife effected life insurance in excess of $25,000 which was in force when he died. His wife was named beneficiary in the policies. She died before he did. The policies all provide that, 'In event of the death of any beneficiary before the insured the interest of such beneficiary shall vest in the insured, etc.' James H. Brewer at his death left two brothers who are his next of kin and who as his heirs inherit all of the property of the succession. The present contest grows out of the effort of the Tax Collector of Rapides Parish to force the heirs to pay the inheritance tax on the proceeds of the life insurance policies devolving upon them as such heirs less the exemption provided by law. The heirs resist the imposition of the tax on the ground that the proceeds of the life insurance are exempt from liability from the tax under the provisions of Act No. 88 of 1916, as amended by Act No. 95 of 1934. The question asked by the Court of Appeal, viz.: Are the heirs responsible for and may they be compelled to pay the tax in question? Our answer is yes.

"The beneficiary named in the policy, the wife of the deceased, having died prior to the deceased under the provisions of the policies the interest of the beneficiary would vest in the insured and the proceeds of the policies would be payable to and become a part of the estate of the deceased. It would be by inheritance as heirs that the brothers would acquire the proceeds derived from the policies. It is only as legal heirs of James H. Brewer that they inherit and as such they would be liable for the inheritance tax which is a privilege tax upon the right to inherit.

"In the case of Succession of Cotton, 172 La. 819, 135 So. 368, wherein it was urged that the inheritance tax on legacies was due and should be paid by the succession, this Court stated (page 371), 'This is not correct. The tax is upon the right to take and receive the legacies and not upon the right to give or bequeath them, and hence the tax must be borne by the legatees.' This doctrine is equally applicable in the instant case for the reason that the tax is upon the right to take and receive the inheritance. In other words, it is a tax on the privilege to inherit.

"In the Succession of Dumestre, 174 La. 482, 141 So. 35, this Court after reviewing prior jurisprudence held to the effect that life insurance policies, payable to an estate formed part of the estate and inured to the heirs, legal or testamentary, even though unavailable for payment of decedent's creditors and that it is only when the policies are made payable to some designated beneficiary that it forms no part of the estate.

"In the instant case under the provisions of the policies the interest in the policies had vested in the insured, James H. Brewer. At James H. Brewer's death the proceeds of the policies would inure to his estate. It would be to the same effect had the policies originally been made payable to the estate of the deceased. The heirs are claiming the proceeds of this insurance not on the ground that they are named as beneficiaries but on the ground that they are the only heirs of the decedent and are entitled to all the effects of the decedent's succession. It is only by virtue of the fact that they are the only heirs of James H. Brewer that they would be entitled to the proceeds of the life insurance policies.

"The heirs would not be exempt from payment of the inheritance tax under

the provisions of Act No. 88 of 1916, as amended by Act No. 95 of 1934. It is not the succession that owes the tax, it is the heirs who owe the tax on their right to inherit. The tax in no sense of the word could be considered a debt of the succession. Furthermore, in the case of Succession of Hedden, 146 So. 732, the Court of Appeal held to the effect that inheritance taxes are not included within the term 'debt' and that consequently the proceeds of life insurance policies payable to an estate are not exempt from inheritance taxes.

This Court refused a writ of review, which in effect affirms the decision. After carefully reviewing this case, we are of the opinion that the doctrine laid down therein is correct and we see no good reason to overrule it.

"Our answer is, viz.: The heirs are responsible for any may be compelled to pay the tax in question."

For the reasons assigned in the instructions given us by the Supreme Court, and in obedience thereto, the judgment appealed from is affirmed.