

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Lee Curtis
County Attorney
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-6188

Re: Is a life-income bequest in the
will of Claude McBryde, deceased,
subject to the state inheritance
tax?

Your letter of August 30, 1944, requesting an opinion from this department reads as follows:

"I would like to have your opinion with reference to an inheritance tax question. The will of Claude McBryde, a certified copy of which is hereto attached, has been probated in the County Court of Bell County, Texas.

"Section III of this will provides as follows: 'Out of the income from the corpus of my estate, as a first charge against same, I give and bequeath to my good friend, Mrs. Ruby Harms - - - - - - the sum of $35.00 per month, to be paid out of said income on the 1st day of each month for and during her natural life; the first payment to be made within thirty days after the probate of this will'.

"Section IV of the will reads as follows: 'I devise and bequeath all the rest and residue of my estate - - - -, after the payment of and subject to the payment of the items hereinabove set out in Paragraphs Nos. I, II, and III hereof, to Mary Hardin-Baylor College, a private corporation of Belton, Bell County, Texas, its successors and assigns, in fee simple; in trust, however, for the uses and purposes and upon the conditions hereinafter stated.'

821

"Mary Hardin-Baylor College is an educational institution, and all of the trust purposes are educational, and therefore it is clear, I think, that the estate devised to the College is exempt from the state inheritance tax.

"The problem on which I am asking your opinion is whether or not Section III of the will constitutes a taxable bequest to Mrs. Ruby Harms. Mary Hardin-Baylor College and Mrs. Harms take the position that no part of the estate is held in trust for her, that she does not receive any pecuniary legacy, but on the contrary this section of the will constitutes a gift of income from future rents and revenues which may be earned by the estate, and that therefore there is no inheritance tax properly chargeable because of this provision in the will for Mrs. Harms.

"I am inclined to take the position that the will does create a life estate in favor of Mrs. Harms in all or such part of the entire properties as may be necessary to produce an income of $35.00 per month, and that the bequest to Mrs. Harms is taxable under the inheritance tax law and that the amount of the tax should be computed by estimating the life expectancy of Mrs. Harms based on mortality tables and then computing the value of the estate necessary to produce an income of $35.00 per month during the period of such life expectancy.

"This question is now pending in the County Court here at Belton, and I shall sincerely appreciate your giving me your opinion on the matter at your earliest convenience."

Article 7117, Revised Statutes, provides:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, ... which shall pass absolutely or in trust by will or by the laws of descent or distribution...shall...be subject to a tax. ..."

Article 7123 provides:

Honorable Lee Curtis, page 3

"If the property passing as aforesaid shall be
divided into two or more estates, as an estate for
years or for life and a remainder, the tax shall be
levied on each estate or interest separately, accord-
ing to the value of the same at the death of the de-
cedent. The value of estates for years, estates for
life, remainders and annuities, shall be determined
by the 'Actuaries Combined Experience Tables,' at
four per cent compound interest."

The legacy to Mrs. Harms, when examined in the light
of the two statutes above mentioned, is, in our opinion, clear-
ly taxable. It is an "interest" in property within the meaning
of Article 7117, supra. Said interest is in the nature of an
annuity. See Bethea v. Sheppard, 143 S.W. (2d) 997, error re-
fused, wherein life income bequests are referred to as "annu-
ities". The fact that Article 7123 gives the method for com-
puting the value of "annuities" shows a clear legislative in-
tent that interests of this type in a decedent's estate are
subject to the inheritance tax. The authorities generally are
in accord with our holding. See Succession of Cotton, 135 So.
368 (La.); Howe v. Howe, 61 N.E. 225 (Mass.); 61 C.J., 1675;
28 American Jurisprudence, 118; Ross on Inheritance Taxation,
p. 121 et seq.; 83 A.L.R. 939; 117 A.L.R. 121.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *J. Arthur Sandlin*
J. Arthur Sandlin
Assistant

JAS/JCP

