MATTER OF THE ESTATE OF FRANK C. CLINE, DECEASED. THE STATE OF MONTANA, APPELLANT, *v.* DOROTHY L. CLINE, AND THE MIDLAND NATIONAL BANK, EXECUTORS OF THE ESTATE OF FRANK C. CLINE, DECEASED, RESPONDENTS.

No. 9386.
Submitted May 8, 1957. Decided September 16, 1957.
Rehearing Denied December 2, 1957.
317 Pac. (2d) 874.

Mr. Arnold H. Olson, former Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., Mr. William F. Crowley, Asst. Atty. Gen., Mr. H. O. Vralsted, Sp. Asst. Atty. Gen., Mr. Lyman J. Hall, Tax Counsel, Board of Equal., Missoula, for appellant.

Messrs. Felt, Felt & Burnett, Billings, for respondents.

Mr. Vralsted, and Mr. Jack W. Burnett argued orally.

MR. JUSTICE CASTLES:

This is an appeal from an order of the district court of Yellowstone County. The district court determined the amount of inheritance tax due the State of Montana from the beneficiaries of Frank C. Cline, deceased.

The decedent's gross estate aggregated $378,916.29, $64,761.33 thereof represented proceeds from life insurance policies. Of this, $16,536.29 was payable to named beneficiaries. The balance of the life insurance proceeds, $48,225.04, was made payable to the executor of the estate. Pursuant to R.C.M. 1947, section 91-4406, the respondent excluded from the gross estate insurance proceeds in the amount of $50,000. Thus, the taxability of $48,-225.04 is the only matter in dispute.

Decedent's personal representatives filed their 3-A report, and petitioned for determination of inheritance tax where they excluded the flat sum of $50,000, and reported the difference, or $14,761.33 only as part of the decedent's gross estate for inheritance taxation.

After hearing on the matter, the district court made and entered its order determining that the sum of $50,000 was exempt from inheritance tax. The State of Montana through the State Board of Equalization has filed this appeal.

The facts are not in dispute. The one and only question of law is whether or not, pursuant to R.C.M. 1947, section 91-4406, respondents are entitled to exclude from the decedent's gross estate the amount of $50,000 or the amount of $16,536.29 bring the amount of life insurance payable directly to the decedent's three children.

In an opinion rendered by this court in State v. Midland National Bank of Billings, 132 Mont. 339, 317 Pac. (2d) 880, just rendered, this question is answered.

We held in that case that R.C.M. 1947, section 91-4406 is a specific statute exempting all insurance proceeds up to $50,000 and taxing insurance proceeds over and above that amount, and that it makes no difference to whom the proceeds are payable, that is, whether named beneficiaries, trustees, or personal representatives of the decedent.

For the reasons stated in that opinion, the order appealed from is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY, dissenting.

I cannot concur in the majority opinion.

This is an appeal from an order of the district court of Yellowstone County determining inheritance tax due to the State of Montana from the heirs of Frank C. Cline, deceased.

Frank C. Cline died testate on June 8, 1951, in Billings, Montana. At the time of his death he was the owner of certain policies of life insurance payable by reason of his death to the *executors of his estate.* The policies being of the gross value at the time of his death of *$48,225.04.* He was also the owner of certain other insurance policies payable on his death *to certain named beneficiaries.* The named beneficiaries being Dorothy Cline, Arthur Cline and Jack Cline. The policies were payable to these three above-named beneficiaries in equal shares and totaled in value $16,536.29, making a total value of all insurance carried on the life of the decedent in the sum of $64,761.33.

When the petition for the determination of inheritance tax was filed, the executor included as life insurance subject to tax the amount of $14,761.33. The amount included being the excess of all life insurance proceeds, payable by reason of the death of Frank C. Cline, over $50,000. The amount of $50,000

of insurance proceeds was omitted from the computation of inheritance tax upon the grounds that R.C.M. 1947, section 91-4406, provides an exemption from inheritance tax of up to $50,-000 of life insurance proceeds payable by reason of the death of the insured.

Timely and proper objections were filed by the State of Montana through its Board of Equalization to this petition. The Board in its objections took the position that of the $64,761.33 total value of life insurance payable by reason of the death of the decedent, $16,536.29 being the amount payable to named beneficiaries was the only portion of the life insurance exempt from tax pursuant to the provisions of R.C.M. 1947, section 91-4406. The Board contended that the amount of *$48,225.04 payable to the executors of the estate of the decedent, and thus to his estate was subject to tax and not entitled to the exemption provided in section 91-4406, but was subject to inheritance tax upon its full amount.* A hearing was had upon the objections of the Board, the matter was taken under advisement and briefs were submitted.

November 2, 1953, the objections of the Board were overruled, and an order was issued determining inheritance tax. Said order specifically providing as an exemption from inheritance tax $50,000 of the life insurance payable by reason of the death of decedent. From this order the Board appealed.

Several specifications of error are raised on this appeal, but the only question necessary for this court to determine is whether insurance proceeds, payable to the estate or personal representative of the decedent, and thus subject to disposition by the provisions of the will of the decedent and the intestate laws of the state, are subject to inheritance tax under the provisions of R.C.M. 1947, section 91-4401, or the provisions of R.C.M. 1947, section 91-4406. If taxable under section 91-4401 the exemption applicable to the first $50,000 of insurance proceeds provided by section 91-4406 does not apply. If subject to tax only by the provisions of section 91-4406, then the exemption provided therein would apply.

Stated another way the question is, does section 91-4406 apply to *all insurance* proceeds payable by reason of the death of the insured *regardless of to whom paid* or do the provisions of section 91-4406 provide *an exemption from tax only to that insurance payable by reason of the death of the insured to named beneficiaries?*

It has long been recognized that there is a distinction made *for inheritance tax purposes* between the proceeds of policies of life insurance *payable to the estate or personal representative of the decedent,* and those insurance proceeds payable to a specific beneficiary under the contract of insurance.

In respect to the taxability of proceeds payable to an estate or the personal representative of the decedent, the general rule is as stated in 150 A.L.R. 1286:

''The proceeds of a policy of life insurance payable to the *insured* or to his *estate or personal representatives* have generally been held to be * * * subject to estate taxes on the death of the insured, *for the reason that the proceeds of such a policy pass as part of the estate of the insured, by his will or by the interstate laws of the state.* Thomson v. McGonagle, 33 Haw. 594.'' Emphasis supplied.

As early as 1893, in In re Knoedler's Estate, 140 N.Y. 377, 35 N.E. 601, it was held that the proceeds of life insurance policies payable to the insured, his executors, administrators and assignees were assets of his estate to tax under the general inheritance tax statute which taxed ''transfers'' by will or the intestate law of the State of New York, since such recipients take under the provisions of will or the intestate laws, and not as a beneficiary named in the policies. See In re Roth's Estate, 138 Misc. 347, 244 N.Y.S. 741, affirmed 233 App. Div. 654, 249 N.Y.S. 911; and In re Haedrich's Estate, 134 Misc. 741, 236 N.Y.S. 395. Compare State v. Succession of Brewer, 190 La. 810, 182 So. 820.

However courts have been uniform in their holding that the proceeds of life insurance payable by reason of the death of the decedent to named beneficiaries are not subject to inheritance

tax upon the theory that the proceeds were acquired by the beneficiary by virtue of the contract of insurance, and that the proceeds did not go through the insured's estate. See Matter of Voorhees' Estate, 200 App. Div. 259, 193 N.Y.S. 168; Tyler v. Treasurer & Receiver General, 226 Mass. 306, 115 N.E. 300, L.R.A. 1917D, 633; In re Killien's Estate, 178 Wash. 335, 35 Pac. (2d) 11. These authorities hold that to subject the proceeds payable to named beneficiaries to tax, it is first necessary to have specific statutory authorization therefor; the general tax imposition statutes being insufficient.

In the case of Rogers v. Oklahoma Tax Comm., Okl. 1954, 263 Pac. (2d) 409, 413, it is said: "It is the general rule that, in the absence of a statute to the contrary, the proceeds of a life insurance policy, payable to a specific beneficiary and *not to the insured or to his estate, are not subject to estate or transfer tax* upon the death of the insured for the reason that the proceeds of the policy pass by virtue of the contract of insurance and not by *will of the insured or the intestate laws of the State."* Emphasis supplied. Compare In re Knight's Estate, 31 Wash. (2d) 813, 199 Pac. (2d) 89; In re Black's Estate, 74 N.D. 446, 23 N.W. (2d) 35; In re Killien's Estate, supra; In re Wilson's Estate, 363 Pa. 546, 70 A. (2d) 354; Welch v. Commissioner of Corporations and Taxation, 309 Mass. 293, 34 N.E. (2d) 611.

Thus we see that the general rule regarding inheritance taxation of the proceeds of insurance policies is that if the policies are payable to the estate or to the personal representative of the decedent, the insurance proceeds are taxable under the general law asserting a tax upon property which is being transferred *by will or the intestate laws of the state;* such proceeds can pass only by the intestate laws of Montana. Whereas if the insurance proceeds are payable to named beneficiaries the proceeds are not taxable under the general law taxing transfers by will or the intestate laws of the state, and are not taxable for inheritance tax purposes at all *unless a specific statute has been enacted in order to reach and assert a tax upon such proceeds payable to named beneficiaries.* The application of this can be seen in the

history of the United States Federal Estate Tax. 26 U.S.C.A. section .800 et seq. The 1916 Act taxing estates contained no specific estate tax provision as to insurance proceeds, but required as a condition to taxability that property be an interest, (1) of the decedent at the time of his death; (2) which after his death was subject to charges against his estate and the expenses of administration; (3) which was subject to distribution as part of his estate. Because of the doubt that insurance payable to specific beneficiaries would be taxable under this general transfer tax clause, the law was amended and a specific insurance clause was inserted. The reason for the insertion of this specific insurance clause was explained in the Ways and Means Committee Report, being House Report No. 767, 65th Congress, Second Session, page 22, and Cum. Bull. 1939-1, part 2, pages 101-102. That committee report stated:

"The gross estate section has been amended to specifically include (1) insurance receivable by the executor under policies taken out by the decedent upon his own life and (2) insurance in excess of $40,000 receivable by all specific beneficiaries under policies taken out by the decedent upon his own life. (1) Insurance payable to the executor or to the estate is now regarded as falling within section 202(a) of the existing statute and this construction of the existing statute is now written into the new bill *for the sake of clearness.* The amendment will serve the further purpose of putting on notice those who acquaint themselves with the statute for the purpose of making more definite plans for the disposition of their property. (2) The provision with respect to specific beneficiaries has been included for the reason that insurance payable to such beneficiaries usually passes under a contract to which the insurance company and the individual beneficiary are the parties in interest and over which the executor exercises no control. Amounts passing in this way are not liable for expenses of administration or debts of the decedent and therefore do not fall within the existing provisions defining the gross estate. It has been brought to the attention of the Committee that wealthy persons have and now anticipate resorting

to this method of defeating the estate tax. Agents of insurance companies have openly urged persons of wealth to take out additional insurance payable to specific beneficiaries for the reason that such insurance would not be included in the gross estate. A liberal exemption of $40,000 has been included and it seems not unreasonable to require the inclusion of amounts in excess of this sum." Paul, Federal Estate & Gift Taxation, vol. 1, section 10.02, pages 485, 486.

The general tax imposition statute of the State of Montana is R.C.M. 1947, section 91-4401, which provides, in part, as follows:

"A tax shall be and is hereby imposed upon *any transfer* of property, real, personal or mixed, or any interest therein, * * * (1) By a resident of the state. When a transfer is *by will or intestate law of this state* * * *." Emphasis supplied.

This is substantive legislation and establishes the policy of the State of Montana in regard to this subject.

This section was originally enacted in 1921. It is copied from Wisconsin law which in turn came from the New York law. The statute in its form, as originally enacted, would reach for purposes of tax, insurance proceeds payable to an estate or the personal representative of a decedent since such proceeds pass *by will or the intestate laws of the state.* At the time however that the present section, 91-4401, was enacted the inheritance tax act did not contain a specific provision taxing life insurance proceeds payable to named beneficiaries. We have shown that the authorities required such a specific statute before any of such proceeds can be reached by a taxing act. Rogers v. Oklahoma Tax Comm., supra.

In 1923 the present section, 91-4401, was repealed and re-enacted. Upon re-enactment a new section was added to the law being the present section, 91-4406, which provides as follows:

"Insurance part of estate. All insurance payable upon the death of any person over and above fifty thousand dollars ($50,000.00), *shall be deemed a part* of the property and estate passing to the person or persons entitled to receive the same and if payable to more than one person the said fifty thousand dol-

lars ($50,000.00) exemption shall be prorated between such persons in *proportion to the amount of insurance payable to each.*" Emphasis supplied.

Obviously by the enactment of section 91-4406, supra, the legislature sought to and did subject to tax the proceeds of life insurance payable to named beneficiaries over the amount of $50,000, since the proceeds were not subject to tax under what is now section 91-4401. Section 91-4406, supra, is the specific statutory authority believed essential to tax such proceeds.

The question then is raised, did the legislature by enacting section 91-4406 seek to put within this new statute all insurance proceeds no matter to whom payable, or was the purpose of enacting section 91-4406 merely to reach the proceeds of insurance payable to specific beneficiaries and by the same token grant an exemption of $50,000 thereto before the tax would apply.

Since the proceeds of insurance payable to an executor or to an estate of a decedent were taxable under section 91-4401, the enactment of section 91-4406 in regard to those proceeds was unnecessary. Further a careful reading of the statute will show that all references made in the statute are made to "persons" as recipients. The estate is not a person. This is especially true in light of the well-established principle that exemptions from taxes are to be strictly construed against the taxpayer.

The use of the word "person" and the context in which it is used clearly shows that the insurance sought to be taxed was insurance that was payable to named beneficiaries whose right to receive the proceeds was determinable from the insurance policy contract, and *not by the will or intestate laws of the state.* The proration provision itself under the theory of the respondents that this statute applies to all insurance proceeds including those passing by will or the intestate laws, would become unworkable if the will or intestate laws had to be consulted to find who "such persons" entitled to payment of insurance would be, because it would be necessary to trace the insurance proceeds all through the estate to find out the amount payable. Further, if any of the proceeds were used to pay debts, admin-

istration costs or taxes, and not paid to a person or persons entitled to receive the same, the exemption could not apply at all.

The respondents assert that all available cash in this estate including the proceeds of a ranch sold to obtain cash has been expended during administration. By reference to the will we see that the three children of deceased will take in equal shares the remainder, if any. Will any of it be insurance proceeds? Since the proceeds have been paid out for taxes are there any persons entitled to receive them under the statute who can obtain them? What proration should be made when no amount is payable to any person? How under these facts can section 91-4406 be applied to proceeds payable by a will through the estate? The inheritance tax statutes contained in chapter 44, R.C.M. 1947, should be read together, and effect be given to each section thereof in arriving at the intention of the legislature.

In addition the legislature in enacting section 91-4406 said that insurance "over and above fifty thousand dollars ($50,000.00), shall be *deemed* a part of the property and estate passing to the person or persons entitled to receive the same  *  *  *." Emphasis supplied.

It is plain that since insurance proceeds payable to an executor or to the estate of a decedent are already taxable under the general provisions of section 91-4401, because such property passes by will and the intestate laws of the state, that it is not necessary that such money, "be deemed a part of the property" in the estate passing as the words are used in section 91-4406. To be "deemed" means to be considered, and since we have already seen that insurance payable to named beneficiaries generally was not included within the scope of the tax since the property passed by reason of the contract and not by reason of the will or intestate laws of the state, it is obvious that in order to tax it, insurance must be *considered* and deemed a part of the property and estate *passing* in order to bring it within the inheritance tax act. The application of the use of the word "deemed" can be seen if we examine section 91-4405, wherein joint estates are *"deemed"* a transfer of property as of the date of death, where-

as in fact by the property laws and by the nature of the contracts which bring about these joint estates such property is not transferred as of the date of death.

In examining section 91-4408, wherein deeds or instruments recorded after the date of death of a decedent are "deemed" to have been transferred for the purpose of taxation by will, in order to assert a tax upon these instruments, when as a general rule they represent gifts not passing under the will or intestate laws at all, we see that in these cases the use of the word "deemed" is necessary to bring something that is considered outside the scope of the general taxing statute, being section 91-4401, within the scope of the inheritance tax laws for the purpose of impressing the tax upon it.

It is clear that by the use of the word *"deemed"* the legislature imposed a tax upon the privilege of receiving property which without the specific statute was not subject to the tax imposed by section 91-4401 at all.

The language of the specific statute clearly provides that the exemption and the proration of the exemption apply only in the case where a person or persons are the named beneficiaries, and what they are to receive is given by the terms of the contract of insurance and not by the testamentary terms of the will or intestate laws of the state. Respondents have cited no authority whatever to sustain their contention herein, and we deem and declare their position wholly untenable.

In our opinion section 91-4406 is a specific statute enacted by the legislature for the purpose of subjecting to tax insurance proceeds payable to named beneficiaries; that the statute does tax insurance proceeds payable to named beneficiaries in excess of $50,000, which sum is allowed as an exemption; that the proceeds of life insurance policies payable to an estate or the personal representative of the decedent were taxable under the provisions of section 91-4401 just the same as money in the bank or any other asset of an estate, since these proceeds passed by will and the intestate laws of the state.

The order of the district court should be reversed and the

cause remanded to the district court to compute, determine and decree the inheritance tax as by law provided.

MR. JUSTICE ADAIR:

I concur in the foregoing dissenting opinion by Mr. Justice Bottomly.