MATTER OF THE ESTATE OF FRANK D. COLEMAN, DECEASED. STATE OF MONTANA, APPELLANT, *v.* THE MIDLAND NATIONAL BANK OF BILLINGS, MONTANA, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF FRANK D. COLEMAN, DECEASED, RESPONDENT.

No. 9381.

Submitted May 8, 1957. Decided September 16, 1957.
Rehearing Denied December 2, 1957

Mr. Arnold H. Olsen, former Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., Vera Jean Heckathorn, Asst. Atty. Gen., H. O. Vralsted, Sp. Asst. Atty. Gen., Mr. Lyman J. Hall, Tax Counsel, Board of Equal., Missoula, for appellant.

Messrs. Coleman, Jameson & Lamey, Billings, for respondent.

Mr. Vralsted and Mr. H. J. Coleman argued orally.

MR. JUSTICE CASTLES:

This is an appeal by the State of Montana, through the State Board of Equalization, from the orders of the district court of the thirteenth judicial district determining the inheritance tax payable on account of the death of Frank D. Coleman.

Coleman died on February 10, 1952. At that time he was the owner of life insurance policies on his life, proceeds of which aggregated $50,462.65, and an annuity policy, proceeds of which amounted to $2,813.61, and under which he was then receiving monthly installment payments guaranteed to continue so long as he lived and in any event for a period of years certain.

The designated beneficiary in all policies, including the annuity, was the Midland National Bank of Billings, Montana, as trustee, under an agreement dated January 17, 1949, between the deceased Coleman and the Midland National Bank, as amended by an agreement between them dated September 26, 1950. The Midland National Bank is respondent herein.

The amended agreement of September 26, 1950, recites that the deceased Coleman has designated respondent bank as the beneficiary in the policies, and has delivered them to respondent for safekeeping so that it may collect and receive the proceeds upon Coleman's death.

The respondent bank had no interest in the policies except the delivery for safekeeping, and the deceased Coleman reserved solely unto himself, during his lifetime, all the powers of absolute ownership including the right to borrow money on the poli-

cies, the right to surrender the policies for cash, and the right to change the beneficiary in any of the policies. Coleman also reserved the unqualified and unconditional power to amend the trust agreement at any time or to revoke it *in toto* and have the policies returned to him.

The respondent bank, as trustee, was upon Coleman's death to collect and receive the proceeds of the policies, including the annuity, and hold the proceeds in trust, pursuant to the agreement, for the use and benefit of Coleman's wife during her lifetime. Thereafter respondent was to distribute any proceeds remaining in the trust to relatives of Coleman named as remaindermen.

Coleman executed his last will on September 20, 1951, in which, after leaving his bank account to his wife, he devised and bequeathed all the rest of his property to respondent bank, as trustee under the terms of the aforesaid agreements dated January 17, 1949, as amended by the agreement of September 26, 1950. This will was duly admitted to probate and letters testamentary issued to respondent as executor.

So far as is important to this decision, the facts then are these: An amended 3-A report and petition to have inheritance tax determined was filed showing the proceeds of the life insurance policies and other property as follows: Proceeds of life insurance policies $50,462.65, proceeds of annuity policy $2,813.61, other property not in dispute $34,899.28 for a total gross estate of $88,175.54. The inventory and appraisement deducted from the proceeds of the policies of insurance, both insurance and annuity, the sum of $50,000 as exempt life insurance proceeds, leaving $38,175.54 as the total appraised value of the estate for inheritance tax.

The appellant, State Board of Equalization, sets up twenty-two specifications of error. However, as we view the case there is a single question which is determinative of the question involved. That question is under R.C.M. 1947, section 91-4406, providing as follows: *"Insurance part of estate.* All insurance payable upon the death of any person over and above fifty thou-

sand dollars ($50,000.00), shall be deemed a part of the property and estate passing to the person or persons entitled to receive the same and if payable to more than one person the said fifty thousand dollars ($50,000) exemption shall be prorated between such persons in proportion to the amount of insurance payable to each.''

Is the respondent bank eligible to take an insurance exemption of the first $50,000 of the life insurance proceeds? The appellant claims that notwithstanding the provisions of section 91-4406, since the insurance proceeds were paid to respondent, the beneficiary named in the policies, as trustee, under the agreement of January 17, 1949, as amended, the entire proceeds are taxable under R.C.M. 1947, section 91-4402, as a transfer in contemplation of death or as a transfer intended to take effect in possession or enjoyment at or after death. .

At the outset, it should be pointed out that R.C.M. sections 91-4401, 91-4402 and 91-4406, were, when enacted, subsections of section 1, chapter 65, Session Laws of 1923. The interrelationship is shown by setting out the relevant portions of section 1 as follows:

''Section 1.  How and When Imposed A Tax  *  *  *  is hereby imposed upon any transfer of property,  *  *  *  or any interest therein, or income therefrom in trust or otherwise, to any person,  *  *  *  except as hereinafter provided:    .

'' (1)  By a Resident of State. When the transfer is by will or by intestate laws  *  *  *

'' (3)  In Contemplation of Death. When the transfer is of property  *  *  *  by deed,  *  *  *  or gift, made, in contemplation of the death of the  *  *  *  donor, or intended to take effect in possession or enjoyment at or after such death.  *  *  *

'' (7)  Insurance Part of Estate. *All insurance* payable upon the death of any person *over and above fifty thousand Dollars ($50,000) shall be deemed a part of the property and estate* passing to the person or persons entitled to receive the same and if payable to more than one person *the said fifty thousand dol-*

*lars ($50,000) exemption* shall be pro-rated between such persons in proportion to the amount of insurance payable to each. \* \* \*'' Emphasis supplied.

It is seen immediately that section 91-4406, hereinbefore ▮▮▮▮ quoted as subsection 7 of section 1, chapter 65, Session Laws of 1923, is entitled ''Insurance part of estate'' and is a specific statute to handle the subject of life insurance. Under the general rules of construction, a particular intent will control a general one. R.C.M. 1947, section 93-401-16. The title of the act may be looked to. Morrison v. Farmers' & Traders' State Bank, 70 Mont. 146, 151, 225 Pac. 123. And the plain meaning of the words used will be looked to. Applying these rules of construction, it is apparent that the specific statute dealing with the insurance proceeds using the language, *''all insurance payable''* leaves little to be interpreted. The statute goes on to say over and above $50,000 shall be *deemed* a part of the property and estate passing. This court has interpreted the word ''deemed'' to mean ''considered,'' ''determined'' and ''adjudged.'' State ex rel. Sinko v. District Court, 64 Mont. 181, 186, 187, 208 Pac. 952. Next the legislature used the word *''exemption''* as applied to the $50,000. The statute clearly taxes all insurance proceeds over $50,000, and just as clearly *exempts all* insurance proceeds under $50,000.

Counsel for the appellant suggests that the statute should read, as he says, putting in the omitted implications, as follows: ''All insurance payable [to named beneficiaries] upon the death of any person over and above fifty thousand dollars ($50,000.00), shall be deemed a part of the property and estate passing to the person or persons [named in the policy] entitled to receive the same, and if payable to more than one person [named therein] the said fifty thousand dollars ($50,000.00) exemption shall be prorated between such persons in proportion to the amount of insurance payable to each.''

We are not at liberty to so amend a statute as passed by the ▮▮▮▮ legislature and approved by the governor. We must determine the plain meaning of the words used and are not at

liberty to add in the statute what has been omitted. R.C.M. 1947, section 93-401-15.

The appellant Board urges that in 1923 when the sections in question were passed, the proceeds of insurance payable to an executor or to an estate of the decedent were taxable under section 91-4401, and that the enactment of section 91-4406 in regard to those proceeds was unnecessary. This contention is speculative only, since the Montana courts had never determined what the law was at that time. No cases had been had, and the legislature enacted chapter 65, Session Laws of 1923, which chapter covered the entire field of inheritance taxation. It is idle to speculate on whether or not the Montana courts would have followed the rule in other jurisdictions. It seems that had the legislature intended to make section 91-4406 cover only insurance proceeds payable to named beneficiaries, other than the executor or other personal representative of the decedent, it could easily have done so. It also seems reasonable to believe that the legislature would not have intended life insurance proceeds of less than $50,000 to be taxable in one situation and not taxable in another merely because of the form or the person named as beneficiary. We are not here concerned with the wisdom of the exemption of $50,000 of life insurance proceeds nor with whether or not revenue to the state has been lost.

The appellant concedes that if the ultimate beneficiaries had been named in the policies themselves, the proceeds payable to them would not be subject to tax. But then he argues that since they were named in a separate instrument, viz., the trust agreement, that the proceeds are taxable. The appellant then would "merely add to the statute" to secure the results deemed desirable from its point of view.

It is clear that the legislature intended to tax all insurance proceeds above $50,000. Any lesser proceeds, however payable and regardless of form or named beneficiaries, who may or may not receive the proceeds as trustee, are not taxable. The legislature used plain, clear language to so provide.

Although what has been said heretofore disposes of this ap-

peal, we feel it pertinent to comment on one more alleged error. The appellant argues that the proceeds of the annuity are taxable and are not exempt as life insurance proceeds under R.C.M. 1947, section 91-4406. The amount of the proceeds from the annuity was $2,813.61. Because of what has heretofore been said, the $50,000 exemption did not extend to these proceeds since the total amount of insurance and annuity proceeds was $53,276.26 and thus the tax was paid on the amount. However, appellant would have this court reverse its holding in In re Fligman's Estate, 113 Mont. 505, 129 Pac. (2d) 627, wherein it was held that annuity proceeds were exempt under R.C.M. 1947, section 91-4406. That case was decided in 1942. Eight legislative sessions have been held since the decision, and the legislature has not seen fit to amend the statute. Estates and property have been planned and settled on the basis of the decision in the Fligman case, and if necessary to this decision, this court would treat that opinion as *stare decisis*.

For the foregoing reasons, the orders appealed from are affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ANGSTMAN, concur

MR. JUSTICE BOTTOMLY:

I concur in the result reached in the majority opinion, but I dissent from that portion of the majority opinion which is herewith quoted and italicized as follows:

"It is clear that the legislature intended to tax all insurance proceeds above $50,000. *Any lesser proceeds, however payable and regardless of form or named beneficiaries, who may or may not receive the proceeds as trustee, are not taxable.*" Emphasis supplied.

See dissent in the companion case Matter of Estate of Cline, 132 Mont. 328, 317 Pac. (2d) 875, for full statement of my views.

MR. JUSTICE ADAIR, dissents.