324

In the Matter of the Estate of MAMIE A. HOLLAND, Deceased. STATE OF MONTANA, and STATE BOARD OF EQUALIZATION of the State of Montana, Appellants, *v.* HONORABLE JEREMIAH J. LYNCH, as Administrator of the Estate of Mamie A. Holland, Deceased, Respondent.

No. 9924.
Submitted December 1, 1959. Decided December 18, 1959.
347 Pac. (2d) 473.

See **C. J. S.** Taxation, § 1140.

Edward C. Schroeter, Helena, for appellants.

Jeremiah J. Lynch, for respondent.

MR. JUSTICE CASTLES:

This is an appeal from an order of the district court of Silver Bow County determining the inheritance tax due the State of Montana from the estate of Mamie A. Holland.

The facts are not in dispute. On November 24, 1956, Mamie A. Holland's son, Edward J. Holland, died. At his death, he was the owner of five insurance policies in the total amount of $23,533.15. His mother was named as beneficiary on all of the policies. Mamie A. Holland died on December 16, 1956, approximately three weeks after the death of her son.

It appears that the State Board of Equalization should have allowed the proceeds of the policies to go untaxed in the estate of Edward J. Holland due to the exemption provided for in section 91-4406, R.C.M. 1947, although this fact is not before us, and we need not be concerned with it.

Upon the death of Mamie A. Holland, the administrator of her estate sought an order determining inheritance tax which would exempt this $23,533.15 from taxation in her estate. The State Board of Equalization filed a timely objection to this claimed exemption. This objection was overruled by the district court, and an order determining inheritance tax was entered allowing the exemption.

The only question presented by this appeal is whether under section 91-4406, the proceeds of policies of life insurance up to $50,000 which constitute an exemption to the insured's estate also constitute an exemption to his beneficiary's estate.

R.C.M. 1947, section 91-4406, provides as follows:

"*Insurance part of estate.* All insurance payable upon the death of any person over and above fifty thousand dollars ($50,-000), shall be deemed a part of the property and estate passing

to the person or persons entitled to receive the same and if payable to more than one person the said fifty thousand dollars ($50,000.00) exemption shall be prorated between such persons in proportion to the amount of insurance payable to each."

The benefit of the exemption allowed by section 91-4406 ▇ inures to the beneficiary because he takes the proceeds of life insurance up to $50,000 free and clear of any inheritance tax. Above $50,000, inheritance tax must be paid.

Once the insurance proceeds, or the right thereto vests in the beneficiary they then lose their life insurance characteristic as exempt life insurance and become ordinary assets. This is true even though the proceeds may actually be paid to the beneficiary's estate.

The "any person" to whom the statute refers is the decedent, in this case, Edward J. Holland. Section 91-4401 provides that to have an inheritance tax there must be a transfer of property by way of a will or the intestate laws of the state. The legislature has seen fit to provide that insurance proceeds above $50,-000 shall be "deemed" part of the estate passing from the decedent, even though these proceeds do not pass by reason of a will or the intestate laws of the state. Section 91-4406 was adopted in order that insurance proceeds above $50,000 might be brought within the general provisions of section 91-4401.

This court has held that insurance payable to an estate is exempt to the extent of $50,000. In re Estate of Coleman, 132 Mont. 339, 317 Pac. (2d) 880, and see In re Estate of Cline, 132 Mont. 328, 317 Pac. (2d) 874, and cases cited.

The holding of the Coleman case was that it made no difference whether the insurance was made payable to the estate of the insured, to a trust, or to a named beneficiary.

But the exemption only inures once, upon the death of the ▇ insured, even though the beneficiary of the insurance policy dies before receiving the proceeds. In such a case, even though the insurance is actually paid to an estate, there is no exemption because the beneficiary has already received the bene-

fit of the exemption in the estate of the insured. The "estate" referred to in the Coleman case is the estate of the insured, not the estate of the beneficiary.

The estate of the insured may be considered an entity in and of itself. It is this entity which has assets and these assets are transferred to the various recipients by virtue of a will or the intestate laws of the state. The legislature has made proceeds of life insurance above $50,000 part of the assets of this entity. The inheritance tax is levied upon the transfer of life insurance proceeds over $50,000 which pass directly from the insurance company to the beneficiary. It is this amount up to $50,000 which constitutes the exemption to the beneficiary. Thereafter, this $50,000 is not exempt and when the beneficiary dies whatever amount remains from the proceeds of the insurance is taxed in the same manner as other assets of the estate. This result is obtained by virtue of the proceeds, or the right thereto, after the death of the insured, having vested and becoming other assets of the beneficiary; and when the beneficiary dies these assets pass by virtue of a will or the intestate laws. In this instance, whatever remains of the insurance proceeds passes directly from the estate to the heirs and is taxed under section 91-4401 which provides for no exemption of assets once characterized as life insurance proceeds.

If the respondent's contention is correct, the proceeds of life insurance would be exempt in the beneficiary's estate no matter when the beneficiary died. This would lead to the impossible task of attempting to trace the proceeds from the time the beneficiary received them until his death. We feel that the legislature could not have intended such a construction to be put upon section 91-4406.

In the instant case, the proceeds in the amount of $23,533.15 ▇▇ were entitled to be exempt in the estate of Edward J. Holland and no inheritance tax should have been paid thereon. These same proceeds are not exempt in the estate of Mamie A. Holland.

The cause is reversed and remanded to the district court of Silver Bow County with instructions to enter an order determining inheritance tax in a manner not inconsistent with this opinion.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR AND ANGSTMAN concur.

MR. JUSTICE BOTTOMLY not participating.